JAMES ANDERSON McCRAVEY, Plaintiff in Error.
v. STATE OF TENNESSEE, Defendant in Error.

455 S.W.2d 174.

Court of Criminal Appeals of Tennessee. March 6, 1970.

Certiorari Denied by Supreme Court May 18, 1970.

474

J. Randall Shelton, Morristown, for plaintiff in error.

David M. Pack, Atty. Gen., Lance D. Evans, Asst. Atty. Gen., Nashville, Heiskell H. Winstead, Dist. Atty. Gen., Rogersville, Charles E. Fraley, Asst. Dist. Atty. Gen., Church Hill, for defendant in error.

## OPINION

WALKER, Presiding Judge.

From his conviction of rape and sentence to twenty years in the penitentiary, the defendant below, James Anderson McCravey, appeals to this court.

He says that the court erred in dismissing for cause prospective jurors because they did not believe in capital punishment. He relies on Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. The court excused eleven jurors, who, in their voir dire testimony, said, in substance, that they would not consider imposing capital punishment, no matter what the proof

would reveal. We think this complies with the rule laid down in *Witherspoon*. Furthermore, the decision in *Witherspoon* does not govern the present case, because here the jury fixed a sentence of twenty years' imprisonment. See Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797.

The state's proof showed that on April 2, 1969, Patricia Jean Yeary, age fourteen, was baby-sitting in the home of the defendant, age 27, and his wife. Miss Yeary is a sister of the defendant's wife. She is about five feet tall and weighs 93 pounds.

She testified that the defendant came into the house about 3:00 P.M. and closed the doors on the pretense that there was a draft on the baby; that he told her he was going to rape her, dragged her into a bed-room and onto a bed, pulled off her clothes and had unlawful carnal knowledge of her, forcibly and against her will; that she screamed, cried and resisted; that he told her not to tell or he would kill her.

She then dressed and ran across the street to the house of a neighbor and told her that the defendant had raped her; her face was flushed and she was crying and trembling with emotion. Mrs. Martin, the neighbor, called the police and the girl's mother. When the mother arrived she found Patricia hysterical.

She was taken to a physician, who found fresh bleeding and that her hymen had been torn. In his opinion, this was the first penetration of the hymen.

After his arrest the defendant's clothes were taken for examination. Tests showed blood and seminal stains on his shorts and blood on his undershirt. Blood and

seminal stains were also found on a blanket, bedspread and cloth taken from his home. Blood was also found on her blouse and slacks.

The defendant testified in his own behalf that he had had intercourse with the girl several times since December 21, 1968, without any objection from her; that on this occasion she went into the bedroom freely, pulled off her clothes and consented to the intercourse. He says that they were frightened at some noise and that he did not penetrate her.

He says the girl did not make a courtroom identification of him. She referred to him throughout by name and their relationship. There is no doubt that she was referring to the defendant as her assailant.

■ ■ The jury did not believe the defendant's theory of the case. In considering and passing on the assignment on the weight of the evidence, this court is bound by the rule that a conviction in a criminal case will not be reversed on the facts unless it is shown by the defendant the evidence preponderates against the verdict and in favor of his innocence. Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743. This he has not done, and this assignment is overruled.

On cross-examination, the district attorney general asked the defendant about a letter he had written to his wife for the purpose of showing a prior inconsistent statement. She had voluntarily given the letter to the district attorney general. The defendant objected that the letter was a privileged communication between husband and wife.

In McCormick v. State, 135 Tenn. 218, 186 S.W. 95, our Supreme Court said:

> "The general and well-settled rule is that letters from one spouse to another are privileged, and fall within the privilege for confidential communications which obtains between husband and wife."

■ We think that it was error to permit the district attorney general to cross-examine the defendant about this letter, but that it did not prejudicially affect the outcome of the trial and was harmless. See T.C.A. § 27-117. The substance of the letter was that the girl consented, that there was no force or threats and that her accusations to the neighbor were caused by her fright at some noise on the porch. This assignment is overruled.

The trial judge excluded the testimony of one Hildred Jean Porter because she violated the rule for the sequestration of witnesses. The defendant assigns this as error.

Miss Porter was not present when the witnesses were admonished to remain out of the courtroom. She heard the testimony of several of the witnesses. Her testimony would have been that she had seen the defendant and the girl driving home about 10:00 or 10:30 P.M. on the street where she lives; that he had picked her up at 6:00 or 6:30 A.M.

■ ■ Placing witnesses under the rule or exempting them from the rule is within the discretion of the trial judge. His action will not be reversed unless it is made to appear that such abuse worked to the prejudice of the complaining party. Nance v. State, 210 Tenn. 328, 358 S.W.2d 327. We do not think the trial judge abused his discretion in refusing to let this witness testify.

■ Soon after the defendant's arrest, an officer went to his home; and, with the permission of the defendant's wife and without a search warrant, took a blanket, bedspread, cloth and towel. They were introduced into evidence without objection. On cross-examination it developed that, although she gave consent, the defendant's wife was not at home when the articles were taken. We think the wife had the right and did waive the right the defendant had to rely upon the constitutional prohibition against unreasonable searches and seizures. See Lester v. State, 216 Tenn. 615, 393 S.W.2d 288.

All assignments are overruled and the judgment of the lower court is affirmed.

DWYER and HYDER, JJ., concur.