**Billy SMITH, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, Jackson.

June 12, 1980.

Permission to Appeal Denied by Supreme Court July 28, 1980.

Ural B. Adams, Jr., Shelby County Public Defender, Memphis, Joe B. Jones, Asst. Public Defender, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, James J. Challen, III, Asst. Atty. Gen., Memphis, for appellee.

## OPINION

O'BRIEN, Judge.

Smith was convicted of escape and sentenced to not less than two (2) nor more than three (3) years in the penitentiary.

The evidence shows he had previously been convicted of armed robbery and sentenced to serve ten (10) years in the penitentiary. He was incarcerated at the Memphis Correctional Center located on the Shelby County Penal Farm property and described as being located at No. 6000 State Line Road, just off Macon Road. On January 10, 1978 at approximately 6:40 p. m. defendant and another inmate were discovered missing from the Institution. Approximately three hours later they were apprehended at a residence located at 4159 Macon Road.

Defendant contends the State did not prove venue. It is clear no witness specifically stated that the Memphis Correctional Center is located in Shelby County, Tennessee. At the conclusion of the State's proof, in accordance with the rules pertaining to such matters, a motion for judgment of acquittal was properly made. The court overruled the motion without stating any reason for his action.

Under the Constitution of this State (Article I, Sec. 9), and the statutes of this State, (T.C.A. § 40–104),[1] an accused is entitled to trial in the county in which the

---

1. T.C.A. § 40 104 was repealed by the Acts of 1979, Ch. 399, Sec. 1, and has been supplanted by Tenn.R.Crim.P. 18.

offense was committed. The burden is on the prosecution to prove that the offense was committed in the county laid in the indictment. *Harvey v. State*, 376 S.W.2d 497, 213 Tenn. 608 (1964). Venue may be shown by a preponderance of the evidence which may be either direct or circumstantial evidence or both. *Hopper v. State*, 326 S.W.2d 448, 205 Tenn. 246 (1959). Of course, venue must be proven to establish the jurisdiction of the court to adjudicate the proceeding on its merits. *Harvey v. State*, supra. A jury is entitled to draw reasonable inferences from proven facts and this includes the issue of venue. See *Hopson v. State*, 299 S.W.2d 11, 201 Tenn. 337 (1957). The jury was entitled to infer from the evidence that the term "the penal farm" referred to the Shelby County Penal Farm which is the jurisdiction where the case was being tried. The evidence was that the Memphis Correctional Center was near the intersection of State Line Road and Macon Road. An appellate court may take judicial notice of facts which the trial court could or should have noticed. See 22A C.J.S., Criminal Law, Section 531. Judicial notice is the process by which a court accepts facts as true without proof because knowledge of those facts is so notorious that everyone is assumed to possess it. See Wharton's Criminal Evidence, Torcia, 13th Edition, Volume 1, Section 34. Particularly, courts will take judicial notice of the location of public institutions, such as state prisons or penitentiaries. 22A C.J.S., Criminal Law, Section 565. The evidence in this case satisfactorily established the fact of venue for the purpose of giving the trial court jurisdiction of the trial.

We affirm the judgment.

DUNCAN, J., concurs.

DAUGHTREY, J., concurs in the result.