**STATE of Tennessee, Appellee,**

v.

**Bobby L. CHADWICK, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 17, 1987.

Permission to Appeal Denied by Supreme Court April 4, 1988.

Michael M. Raulston (at Trial), Phil Floyd (on Appeal), Chattanooga, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen. Nashville, Thomas Evans, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

JAMES C. BEASLEY, Special Judge.

A Hamilton County Criminal Court jury found the defendant, Bobby L. Chadwick, guilty of felonious possession in excess of thirty grams of a substance containing cocaine. The trial judge sentenced the defendant to serve twenty-five years in the Department of Corrections as a Range I standard offender.

Six issues are presented for review: (1) Defendant's trial counsel did not render competent services nor effective representation at the trial; (2) error in allowing a witness to testify who had violated the rule of sequestration; (3) failure to grant a mistrial after a State's witness gave erroneous hearsay testimony; (4) venue was not properly proved; (5) failure to suppress physical evidence; (6) the evidence was insufficient to support the conviction and the court erred in not granting defendant's motion for a judgment of acquittal both at the end of the State's proof and at the end of the trial.

■ We will first consider issue number six. The motion for judgment of acquittal, made at the conclusion of the State's proof, was waived when the defendant elected to present evidence on his behalf. *Mathis v. State*, 590 S.W.2d 449, 453 (Tenn.1979). The motion was renewed at the conclusion of the introduction of all of the proof and again overruled. Therefore, in resolving this issue we will consider all of the evidence which the record reflects was presented to the jury.

That evidence has been summarized in the defendant's brief as follows:

On September 26, 1985, subject Ray Gregory was arrested by Special Agent Mundy in Cleveland, Tennessee. Subject Gregory, after being read his rights decided to cooperate with law enforcement personnel in reference to setting up a meeting with the individual who he claimed had sold him the cocaine. Subject Gregory named defendant, Bobby L. Chadwick, of Rocky Face, Georgia, as that person. Gregory further advised that he was to receive a phone call from the defendant at Gregory's place of residence in a few minutes. Gregory was transferred to that location and at approximately 4:30 p.m. on that date, a phone call was received and recorded by Special Agent Copeland. During this call the person identified as Chadwick indicated he wished to set up a meeting with Gregory. Gregory responded that he would call Chadwick back in a few few minutes to set the meeting time and place.

At approximately 4:45 p.m. on September 26, 1985, Gregory placed a phone call to Chadwick and was advised that a meeting was to take place at the third intersection of Highway 321 after turning off Highway 11 in Ooltewah, Tennessee. At this time Agent Copeland, who was recording the phone call, called in G.B.I. Agent Brad Bonnell, because there appeared to be confusion over the meeting place and whether or not it was in fact in Tennessee or in Georgia. Along with T.B.I. Agents Whitfield, King, Mundy, and Van Hooser, and other law enforcement officers, Agent Copeland proceeded to a massage parlor located on Highway 11 in Ooltewah, and there engaged in a conference with all law enforcement officers involved in this surveillance. At approximately 6:00 p.m., Agent Copeland advised other Agents' Mundy and King to proceed to the Golden Gallon in Ooltewah to set up this surveillance. As Special Agents drove by the Golden Gallon located at the Intersection of Highway 11 and Highway 321, they observed defendant Chadwick in a green Dodge van on the parking lot of the Golden Gallon. After conferring with other officers, it was decided that defendant Chadwick was to be placed under arrest at this location. Agents determined that pursuant to the phone

conversation of subject Gregory and allegedly Chadwick, the defendant would have cocaine in his possession at that time. At approximately 6:05 p.m. Special Agents observed the defendant leaving the Golden Gallon parking lot. The agents pulled in front of defendant Chadwick, and testified at Court that they identified themselves as State Police and advised that he was under arrest. Other testimony and statements by counsel, were indicative of the question concerning whether proper identification was made. As a result of this confrontation the defendant accelerated his vehicle and a police vehicle was struck.

Testimony by agents at the trial indicated they observed the defendant Chadwick leaning over toward the passenger side window of his vehicle and extend his arm in a throwing motion which, in their opinion, resulted in an object being thrown out of the vehicle. A few yards from the point where the vehicles collided the defendant stopped his vehicle and was arrested and taken outside the van. A search of the defendant and the vehicle revealed no narcotics, however, in an area in the rear of the van on the side of the road a brown paper bag was found containing the broken shards of a glass fruit jar and a plastic bag containing a white powder. A toxicology analysis was later performed on the white powder, which was found to contain cocaine, the entire substance being in excess of 30 grams.

Additionally, there was testimony that the cocaine was located approximately twenty feet from the rear of the defendant's van. Also, an employee of the Golden Gallon testified that she observed the defendant's van being stopped by the officers but did not see anything thrown from the van.

When the defendant challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn.R.App.P. 13(e). Whether the conviction is based upon direct or circumstantial evidence, the standard for appellate review is the same, *State v. Brown*, 551 S.W.2d 329 (Tenn.1977). The weight of circumstantial evidence is for the jury to determine. *Williams v. State*, 520 S.W.2d 371 (Tenn.Crim.App.1974).

The law is firmly established in this State that to warrant a criminal conviction upon circumstantial evidence alone, the evidence must be not only consistent with the guilt of the accused but it must also be inconsistent with his innocence and must exclude every other reasonable hypothesis except that of guilt, and it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that he is the one who committed the crime. *Pruitt v. State*, 3 Tenn.Crim.App. 256, 267, 460 S.W.2d 385, 390 (1970). The determination of whether all other reasonable theories are excluded by the evidence presented is primarily a question of fact for the decision of the jury. *State v. Coury*, 697 S.W.2d 373 (Tenn.Crim.App.1985).

The State's theory was that the defendant who was en route to a meeting with a known cocaine dealer attempted to dispose of incriminating evidence by throwing the sack containing 52.3 grams of white powder containing cocaine out the window of his van as it was being stopped by the police. This theory is fully supported by the evidence when as required by *State v. Cabbage*, 571 S.W.2d 832, 836 (Tenn.1978), we view that evidence and all reasonable inferences therefrom in the light most favorable to the State. The State's proof being sufficient to meet the evidentiary requirements of T.R.A.P. 13(e), the trial judge properly overruled the motion for judgment of acquittal.

We will next consider issue number four wherein the defendant claims that the State failed to prove venue.

Article 1, Section 9 of the Tennessee Constitution provides in part that in all criminal prosecutions by indictment or presentment the accused has a right to a speedy public trial by an impartial jury of the county in which the crime shall have been committed. Rule 18(a), Tenn.R.

Crim.P., states that "except as otherwise provided by statute or by these rules, offenses shall be prosecuted in the county where the offense was committed."

■ The burden is on the prosecution to prove that the offense was committed in the county laid in the indictment. *Harvey v. State*, 213 Tenn. 608, 376 S.W.2d 497 (1964). Venue may be shown by a preponderance of the evidence which may be either direct or circumstantial or both. *Hopper v. State*, 205 Tenn. 246, 326 S.W.2d 448 (1959).

When the venue issue was being discussed during the hearing on the motion for a new trial, the assistant district attorney general relied solely on a statement by one of the officers while testifying in a motion to suppress hearing that he was present at the stop in Hamilton County at the Golden Gallon in Ooltewah. This statement was in response to a question posed by defense counsel and was made out of the jury's presence. On appeal the State has cited *Hopson v. State*, 201 Tenn. 337, 299 S.W.2d 11 (1957), as authority that we can take judicial notice that the town of Ooltewah is in Hamilton County. We do not believe either position is valid.

■ Judicial notice is the process by which a court accepts facts as true without proof because knowledge of those facts is so notorious that everyone is assumed to possess it. *Smith v. State*, 607 S.W.2d 906 (Tenn.Crim.App.1980). The courts will take judicial notice of the location of a city, its location within a particular state or county and the size and boundaries of incorporated towns, cities and municipalities generally but not of unincorporated villages, as knowledge of those facts is limited and is not part of the common knowledge which must exist before judicial notice may be taken. See Wharton's Criminal Evidence, Anderson, 12th Edition, Volume 1, Section 55.

■ Without further distinguishing *Hopson* suffice it to say that taking judicial notice that Tennessee's largest city is located in Shelby County is a far cry from noticing that an unincorporated town with no known fixed boundaries lies totally within Hamilton County.

■ Furthermore, and of more significance, is the fact that the record contains no indication that the trial judge took judicial notice of this fact or that he instructed the jury on this point. The taking of judicial notice is a substitute for the necessity of evidence to prove a fact. The fact once judicially noticed, is for the jury to consider in determining the issues in the case. See *State v. Young*, 617 S.W.2d 661 (Tenn. Crim.App.1981). At trial the question of venue was for the jury's determination from the evidence presented. Here, we must examine the legal sufficiency of that evidence.

Nowhere in this record do we find any indication that the prosecution made any effort to present to the jury evidence that this crime occurred in Hamilton County. Though venue is not an element of the offense which must be proved beyond a reasonable doubt, it is a jurisdictional fact which *must be proved* by a preponderance of the evidence. *Daniel v. State*, 489 S.W. 2d 852 (Tenn.Crim.App.1972). (Emphasis supplied.) Those charged with the responsibility of prosecuting criminal offenses in this State would be well advised to make sure this is done in every case.

■ In the matter *sub judice*, our search of the record reveals that Agent Copeland testified in the presence of the jury that he met other officers at a massage parlor on U.S. Highway 11 in Ooltewah. He stated that he thought the massage parlor was located in Hamilton County. He and the other officers then traveled approximately one-half mile down Highway 11 to the Golden Gallon parking lot where they observed the defendant sitting in a van. The defendant was arrested and the contraband recovered within fifty yards of where the van was first spotted. A jury is entitled to draw responsible inferences from proven facts and this includes the issue of venue. *Smith v. State*, 607 S.W.2d 906 (Tenn.Crim. App.1980). We believe the jury could reasonably infer from the above evidence that the defendant feloniously possessed cocaine in Hamilton County. In our opinion

these uncontradicted facts and circumstances are sufficient to meet the "slight evidence" required to establish venue announced by our Supreme Court in *State v. Bennett*, 549 S.W.2d 949, 951 (Tenn.1977). This issue is accordingly overruled.

Defendant contends that his trial counsel did not render competent services nor effective representation at the trial by (1) refusing to allow him to testify in his own defense, (2) failing to introduce a transcript of a prior Department of Safety hearing and (3) failing to properly attack the credibility of certain photographs.

■ The standard for effective assistance of counsel is that the advice given or the services rendered be within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975). A defendant has the burden to show that his counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Matson*, 729 S.W.2d 281 (Tenn.Crim.App. 1986).

■ At the hearing on the motion for a new trial, trial counsel testified that he advised the defendant of the pros and cons of his testifying and that it would not be in his best interest to do so. There is no evidence whatsoever that he refused to allow the defendant to testify.

Counsel explained that he did not seek to introduce the transcript of the Department of Safety because in his judgment it would not have served to effectively impeach Agent Copeland but would have placed additional prejudicial facts before the jury. While as a reviewing court, we are not to second guess strategic and tactical choices made by trial counsel, we have examined subject transcript and concur in counsel's evaluation.

It is not at all clear as to defendant's specific complaint or complaints about the way counsel dealt with the photographs. From his testimony at the post-trial hearing it appears to be his contention that he was forced to the place where the cocaine had been planted and the photographs of the area were staged. Trial counsel's testimony shows that he vigorously sought to establish that the photographs supported a finding that someone other than the defendant had discarded the paper bag containing a fruit jar and cocaine.

The trial court credited the testimony of counsel and found from the proof that nothing he did or didn't do would have resulted in a different verdict in the case. The evidence does not preponderate against his finding that there was no merit to the claim of ineffective assistance of counsel. This issue is overruled.

■ Error is next claimed by the trial court in allowing Jack Van Hooser, a witness called by the State, to testify in violation of the rule of sequestration of witnesses.

Placing witnesses under the rule or exempting them from the rule is within the discretion of the trial judge. His action will not be reversed unless it is made to appear that such abuse worked to the prejudice of the complaining party. *McCravey v. State*, 2 Tenn.Crim.App. 473, 455 S.W.2d 174 (1970).

It was shown that Special Agent Jack Van Hooser was present in the courtroom during a portion of the testimony of Agent Copeland. The defense introduced Exhibit 29, a paper sack, while cross-examining Agent Copeland. At the conclusion of Copeland's testimony, the State announced the need to call an additional witness in view of the bag being introduced. Agent Van Hooser's testimony in chief dealt with the items he had placed in subject bag and the writing he had placed thereon.

From our review of the testimony of both witnesses, we are satisfied that no prejudice resulted from the violation of the rule. We do not believe the trial judge abused his discretion in allowing Van Hooser to testify.

■ It is alleged that the trial court erred in not granting a mistrial when Agent Munday testified that Raymond Gregory had told him he had made several trips involving the cocaine but "wasn't sure

how he was going to be able to work it with Mr. Chadwick."

The record does not reflect that the defendant requested a mistrial and therefore he is entitled to no relief on this issue. Rule 36(a), T.R.A.P.

At any rate, we believe the error was cured by the prompt action of the trial judge in instructing the jury to disregard the statement plus the action of the witness in correcting his testimony and pointing out that Gregory never used the defendant's name but only referred to another individual as "his man." A mistrial was not required even if one had been requested.

Likewise without merit is the complaint that the trial court erred in not suppressing the introduction of the evidence including the glass and the cocaine as certain portions of the evidence had been destroyed by the State.

█ We have not been directed to any place in this record where support for these conclusory allegations can be found. Furthermore, as pointed out by the State, this issue has been waived. The defendant did not raise these issues in his pre-trial motion to suppress as required by Rule 12(b)(3), Tenn.R.Crim.P. His pre-trial motion to suppress was grounded solely upon an illegal arrest, illegal search, and illegal seizure of the person. The record is silent as to good cause for the failure to include these grounds and therefore this issue is waived. Rule 12(f), Tenn.R.Crim.P.

Having considered all issues and finding no reversible error, the judgment of the trial court is affirmed.

DUNCAN and BYERS, JJ., concur.