# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JULY 1999 SESSION

FILED

August 17, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | **NO. 03C01-9807-CR-00259** |
| Appellee, | ) | |
| | ) | **McMINN COUNTY** |
| VS. | ) | |
| | ) | **HON. CARROLL L. ROSS,** |
| CHRIS SMITH, | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sale of Cocaine - Three Counts) |

FOR THE APPELLANT:

**CHARLES M. CORN**
District Public Defender

**WILLIAM C. DONALDSON**
(At Trial)
Assistant District Public Defender
110 ½ Washington Avenue NE
Athens, TN 37303

**JOHN E. HERBISON**
(On Appeal)
2016 Eighth Avenue South
Nashville, TN 37204-2202

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General and Reporter

**TODD R. KELLEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JERRY N. ESTES**
District Attorney General

**WILLIAM W. REEDY**
Assistant District Attorney General
130 Washington Avenue NE
P. O. Box 647
Athens, TN 37371-0647

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY, JUDGE**

# O P I N I O N

Defendant, Chris Smith, was convicted by a McMinn County jury on three counts of selling cocaine under 0.5 grams, Class C felonies. The trial court sentenced defendant as a Range II multiple offender to ten years on each count to run concurrently. The following issues are presented in this appeal as of right:

(1) whether the trial court erred in denying defendant's motion to sever the offenses;

(2) whether the evidence was sufficient to establish venue in McMinn County; and

(3) whether the sentences are excessive.

After a careful review of the record, we find no error and **AFFIRM** the judgment of the trial court.

## FACTS

Although defendant does not challenge the sufficiency of the substantive evidence to support the convictions, a brief summary of the facts would be appropriate. The state's proof showed that on July 17, 18, and 19, 1996, an undercover agent purchased crack cocaine from defendant. On each occasion the transaction occurred on Kilgore Street in Athens; the defendant approached the agent's vehicle; the agent gave the defendant $100; the agent was asked to circle the block; and the defendant subsequently gave to the agent slightly less than 0.5 grams of crack cocaine. The defendant offered no proof at trial.

## SEVERANCE OF OFFENSES

Defendant contends the trial court erred in not severing the three counts for separate trials. The state contends the offenses were part of a common scheme or plan and were properly tried together. We find no reversible error in refusing to sever the offenses.

## A. Common Scheme or Plan

Even though offenses are properly joined in an indictment, a defendant has the right to severance of the offenses "unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others." Tenn. R. Cr. P. 14(b)(1). A "common scheme or plan" is established if the *modus operandi* of the offenses is similar, and they occur within a close proximity of time and location so that there can be little doubt that the offenses were committed by the same defendant. State v. Peacock, 638 S.W.2d 837, 840 (Tenn. Crim. App. 1982). This Court has repeatedly acknowledged the common scheme or plan application to drug transactions with similar factual patterns. *See* State v. Steve Edward Houston, C.C.A. No. 01C01-9711-CC-00510, Giles County (Tenn. Crim. App. filed October 28, 1998, at Nashville)(citing numerous decisions of this Court authorizing consolidation for similar drug transactions). In the case at bar, all three offenses involved the same undercover agent, the same defendant, the same location of sale, the same amount of money, a similar amount of crack cocaine, a similar method of operation by the defendant, and occurred on three consecutive days. We conclude these offenses constitute a "common scheme or plan" as contemplated by Tenn. R. Crim. P. 14(b)(1).

## B. Tenn. R. Evid. 404(b)

Tenn. R. Crim. P. 14(b)(1) sets forth an additional requirement for trial consolidation; namely, the evidence of each offense must be admissible in the trial of the others. This must be determined pursuant to Tenn. R. Evid. 404(b). *See* State v. Hoyt, 928 S.W.2d 935, 944 (Tenn. Crim. App. 1995). Tenn. R. Evid. 404(b) relates to the admissibility of other crimes and requires (1) a jury-out hearing; (2) a determination of a material issue other than conduct conforming with a character trait; and (3) a finding that probative value outweighs unfair prejudice. *Id.* Evidence of other crimes may be admissible to show motive; intent; guilty knowledge; identity;

3

absence of mistake or accident; a common scheme or plan; or completion of the story.  N. Cohen *et al.*, **Tennessee Law of Evidence** § 404.6 (3d ed. 1995).

Although the trial court did not make findings as required by Tenn. R. Evid. 404(b), defendant is entitled to no relief.  The defendant's participation in each offense was probative of his identity and established a common scheme or plan.  Furthermore, the facts of each case were identical except for the date.

This issue is without merit.

## VENUE

Defendant contends the state failed to establish venue since the only testimony relating to venue was that Kilgore Street was "[h]ere in Athens."  We disagree with defendant's contention.

The state must prove venue by a "preponderance of the evidence."  Tenn. Code Ann. § 39-11-201(e).  The state's proof indicated that the drug transactions took place in Athens.  The jury could properly determine that Athens is in McMinn County.  *See* State v. Marbury, 908 S.W.2d 405, 408 (Tenn. Crim. App. 1995); State v. Chadwick, 750 S.W.2d 161, 165 (Tenn. Crim. App. 1987).  Furthermore, both the defendant and the state have overlooked the testimony of Detective Bill Matthews, who monitored all three transactions, and responded affirmatively when asked if "all these events occurred in McMinn County, Tennessee."[1]

This issue is without merit.

---

[1]*See* Trial Transcript, page 14.

4

## SENTENCING

In his final issue Defendant contends the trial court erred in its determination of enhancement and mitigating factors and imposed an excessive sentence. We disagree.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The pre-sentence report indicates that the defendant had 17 prior convictions, including 11 felony convictions. Many of the felony convictions apparently were committed on the same date, thereby limiting defendant to a Range II offender. Defendant was on felony probation at the time of the commission of the instant offenses. Furthermore, defendant was on probation when he committed and was subsequently convicted of casual exchange of drugs. However, the casual exchange occurred after the date of commission of the present offenses but prior to sentencing on the present offenses.

The trial court found no mitigating factors. The trial court found the following enhancement factors: previous history of criminal convictions in addition to those necessary to establish Range II punishment; previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and commission of the instant felonies while on probation for a felony. *See* Tenn. Code Ann. § 40-35-114(1), (8), (13)(C).

Defendant contends the trial court erred in failing to find as a mitigating factor that defendant's conduct neither caused nor threatened serious bodily injury. *See*

5

Tenn. Code Ann. § 40-35-113(1). This factor need not be applied to those convicted of selling cocaine. State v. Vanderford, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997).

Defendant finally contends the trial court erred in finding a previous history of unwillingness to comply with conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114(8). Although defendant concedes he was convicted of the casual exchange of drugs which was committed while he was on probation for a prior offense, he argues this enhancement factor is not applicable since the commission of that offense occurred after the commission of the present offenses. A criminal conviction or criminal behavior occurring prior to the sentencing hearing may be considered as evidence of a prior history of criminal convictions or criminal behavior under Tenn. Code Ann. § 40-35-114(1), regardless of whether the criminal behavior occurred before or after the commission of the offense under consideration. See State v. Burl Jarrett, C.C.A. No. 02C01-9710-CC-00418, Hardeman County (Tenn. Crim. App. filed August 21, 1998, at Jackson); State v. John Allen Chapman, C.C.A. No. 01C01-9604-CC-00137, Grundy County (Tenn. Crim. App. filed September 30, 1997, at Nashville). Regardless of whether the questioned conviction is considered under enhancement factor (1) or enhancement factor (8), we see no reason to reduce the sentence.

**CONCLUSION**

For these reasons, we **AFFIRM** the judgment of the trial court.

6

_____
 **JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**GARY R. WADE, PRESIDING JUDGE**


_____
**DAVID H. WELLES, JUDGE**