IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 14, 2000 Session

## MICHAEL CARLTON BAILEY v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Circuit Court for Dickson County**
**No. CR 3171      Robert E. Burch, Judge**

---

**No. M1999-01065-CCA-R3-PC - Filed August 17, 2001**

---

The appellant, Michael Carlton Bailey, appeals from the trial court's denial of his petition for post-conviction relief. On appeal, the appellant challenges the trial court's determination that (1) he received the effective assistance of counsel, and (2) that he was not denied due process by the alleged violation of Tennessee Rule of Evidence 615 by two State witnesses.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ, joined.

Gregory D. Smith, Clarksville, Tennessee, for appellant, Michael Carlton Bailey.

Paul G. Summers, Attorney General & Reporter; Clinton J. Morgan, Assistant Attorney General; Dan Alsobrooks, District Attorney General, for appellee, State of Tennessee.

### OPINION

### FACTS

On July 29, 1992, the appellant shot and killed Gary Grant in the parking lot of the city hall of Burns, Tennessee. The appellant first shot Mr. Grant while both men were sitting in their respective cars. The appellant then exited his car and shot Mr. Grant twice more as Mr. Grant was crawling away from his own car.

On August 13, 1993, the appellant was convicted of first degree murder and sentenced to life with the possibility of parole. On July 20, 1995, this court affirmed the judgment of the trial court. Permission to appeal to the Tennessee Supreme Court was denied on January 8, 1996.

### ANALYSIS

Under the Post-Conviction Procedure Act, the appellant bears the burden of proving his allegation by clear and convincing evidence. Tennessee Code Annotated § 40-30-210 (f). The findings of fact of the trial judge on post-conviction hearings are conclusive on appeal unless the

evidence preponderates against the judgment. *Cooper v. State*, 849 S.W.2d 744, 746 (Tenn. 1993); *Vermilye v. State*, 754 S.W.2d 82, 84 (Tenn.Crim.App.1987); *Turner v. State*, 698 S.W.2d 90, 91 (Tenn.Crim.App.1985); *Janow v. State*, 4 Tenn.Crim.App. 195, 470 S.W.2d 19, 21 (1971). Questions concerning the credibility of witnesses and the weight given the testimony of witnesses are resolved by the trial court. *Bates v. State*, 973 S.W.2d 615, 613 (Tenn.Crim.App. 1997).

(1) Ineffective Assistance of Counsel

The standards by which ineffectiveness of counsel is judged in Tennessee are set forth in *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975), which requires that the advice given, or the services rendered by the attorney, be within the range of competence demanded of attorneys in criminal cases. The rule devised by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), provides:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless the defendant makes both showings, it cannot be said that the conviction or ... sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Furthermore, the Tennessee Supreme Court has stated that "it cannot be said that incompetent representation has occurred merely because other lawyers, judging from hindsight, could have made a better choice of tactics." *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982); *see also*, *United States ex rel. Burton v. Cuyler*, 439 F.Supp. 1173, 1187 (E.D.Pa.1977). A review of the record in this case does not convince us that the proof preponderates against the judgment entered by the trial court denying post-conviction relief.

a. First Aggressor Witnesses

The appellant's claims of ineffective assistance of counsel rest on two separate grounds. First, the appellant claims he was denied effective assistance of counsel by the failure of his trial attorney to call witnesses that would have testified to the violent nature of the victim thus supporting an inference that the victim was actually the first aggressor. The appellant has failed to establish that trial counsel was ineffective in this regard. He has also failed to establish that he was prejudiced by the actions of trial counsel.

It is undisputed that individuals were available to testify to the victim's tendency towards violence and that trial counsel was aware of such witnesses. However, this Court will not second guess mere trial strategies of counsel in determining whether the assistance rendered was ineffective. *Hellard*, 629 S.W.2d at 9. The performance of trial counsel must be so egregious that, for purposes of the Sixth Amendment, trial counsel is not acting as "counsel" at all. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

Trial counsel testified at the post-conviction hearing that, while self-defense was the only plausible defense, the eyewitness testimony and other evidence was so damning as to completely discredit this defense. Trial counsel testified that he did in fact call witnesses intended to

establish the violent nature of the victim (specifically, one Andy Jenette), but that the trial court disallowed such testimony. This evidence clearly supports the trial court's finding that trial counsel was not ineffective.

Additionally, as required under *State v. Black*, 794 S.W.2d 752, 757 (Tenn.Crim.App. 1990), the defendant failed to establish prejudice by producing witnesses at the hearing for post-conviction relief to show the defendant suffered prejudice. The evidence clearly supports the finding that the appellant was not denied effective assistance of counsel due to trial counsel's failure to present "first aggressor" testimony.

### b. Juror Billy Choate

Second, the appellant contends he was denied effective assistance of counsel by trial counsel's failure to properly investigate Juror Billy Choate. The appellant contends that during voir dire, he informed trial counsel that Mr. Choate should not be allowed to sit on the jury. The appellant testified that, at the time, he could not recall the exact problem that existed between Mr. Choate and himself, but he knew a problem existed. Trial counsel testified that he was not informed until the latter stages of the trial that the appellant had any concerns at all about Mr. Choate as a juror.

There is no evidence to suggest that trial counsel could or should have acted any differently that he did given the late stage at which he was informed of a problem with Mr. Choate. Additionally, Mr. Choate was not called as a witness, and no prejudice to the defendant was established at the hearing for post-conviction relief.

The evidence does not preponderate against the trial court's finding that the defendant received effective assistance of counsel.

### (2) "The Rule"

Tennessee Rule of Evidence 615 states, in pertinent part, that "[a]t the request of a party the court shall order witnesses, including rebuttal witnesses, excluded at trial or other adjudicatory hearing." Trial judges have always been afforded wide discretion in determining whether to impose the sanction of excluding the evidence of the witness suspected of having violated the rule. *State v. Moffett*, 729 S.W.2d 679, 681 (Tenn.Crim.App. 1986); *see also State v. Anthony*, 836 S.W.2d 600, 604-605 (Tenn.Crim.App. 1992). Additionally, a defendant may not be granted relief on appellate review when he fails to takes action reasonably necessary to prevent or nullify the error. Tenn.R.App.P. 36(a); *see also*, *Meade v. State*, 484 S.W.2d 366 (Tenn.Crim.App.1972).

The appellant presented several witnesses at the post-conviction hearing that testified to seeing two State witnesses talking about the subject matter of the case during the trial. Specifically, the conversation occurred in the stairwell of the courthouse after one witness had testified and prior to the testimony of the second witness. The appellant presented no evidence of the actual testimony of the two, violating witnesses, nor did he present the two witness at the post-conviction hearing.

In the present case, there is no suggestion that the state connived, procured, or knew of the witness sequestration violation. *United States v. Gibson*, 675 F.2d 825, 836 (6th Cir. 1982) *cert. denied*, 459 U.S. 972, 103 S.Ct. 305, 74 L.Ed.2d 285 (1982) *quoting United States v. Kiliyan*, 456 F.2d 555, 560 (8th Cir. 1972). There is no indication that the defendant was prejudiced by the violation of the sequestration order. That is, that one or more of the witnesses

changed or embellished their testimony. *State v. Chadwick*, 750 S.W.2d 161, 166 (Tenn.Crim.App.1987); *State v. Wicks*, 729 S.W.2d 283 (Tenn.Crim.App.1987). In fact, the trial court found that no harm could exist because the two witnesses in question testified about two different matters. Under all of these circumstances, we think the witnesses were properly permitted to testify and the defendant was not prejudiced by their testimony.

It is also important to note, that while several members of the appellant's family were aware of the violation, the violation was never brought to the attention of the appellant's attorneys or the court. The family members who were aware of the violation were present in the courtroom when the trial judge ordered the sequestration of the witnesses. Thus, obviously, no objection was made at trial.

The evidence does not preponderate against the trial court's finding that the appellant was not denied due process by the alleged violation of Rule 615 of the Tennessee Rules of Evidence.

## CONCLUSION

The evidence does not preponderate against the findings of the trial court. We find that the appellant received effective assistance of counsel, and that the appellant was not denied due process of law. The judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE