IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 18, 2004 Session

## STATE OF TENNESSEE v. DAVID L. TAYLOR

**Direct Appeal from the Criminal Court for Campbell County**
**No. 11389     E. Shayne Sexton, Judge**

**No. E2003-02117-CCA-R3-CD**
**June 21, 2004**

A Campbell County jury convicted the defendant of driving under the influence, third offense. On appeal, the defendant contends the state failed to establish venue. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Michael G. Hatmaker, Jacksboro, Tennessee, for the appellant, David L. Taylor.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; William Paul Phillips, District Attorney General; and Howard R. Ellis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Officer Jason Heatherly of the Jacksboro Police Department testified that between 12:00 and 12:15 a.m. on June 20, 2002, while on duty, he was stopped at a traffic light facing the Eagle Market when he observed the defendant driving eastbound on Highway 25. Officer Heatherly stated he followed the defendant from the Eagle Market to a traffic light near Burger King. The officer further stated he observed the defendant swerving in the roadway and crossing the line on the shoulder of the road several times. Officer Heatherly activated his blue lights and stopped the defendant near Woodson's Mall and the Mexican Restaurant.

Officer Heatherly testified he smelled a strong odor of alcohol inside the defendant's vehicle, and the defendant had slurred speech and glassy eyes. Officer Mayes and Officer Lynch from the LaFollette Police Department and Officer Wilson from the Caryville Police Department were also present at the scene. Officer Heatherly stated the defendant was unable to adequately perform field sobriety tests, and the officer opined that the defendant's driving ability was impaired. The defendant's

booking record, which indicated he was taken to the Campbell County Jail following his arrest, was entered into evidence.

## ANALYSIS

Article I, Section 9 of the Tennessee Constitution provides that "in all criminal prosecutions, the accused hath the right to . . . a speedy public trial, by an impartial jury of the County in which the crime shall have been committed." This provision precludes a court from convicting a defendant for offenses committed outside the county in which the court is located. State v. Anderson, 985 S.W.2d 9, 15 (Tenn. Crim. App. 1997). Venue is jurisdictional and is not an element of the charged offense. State v. Bloodsaw, 746 S.W.2d 722, 723 (Tenn. Crim. App. 1987). The prosecution must establish by a "preponderance of the evidence" that the charged offense was committed in the county alleged in the indictment. Tenn. Code Ann. § 39-11-201(e); State v. Smith, 926 S.W.2d 267, 269 (Tenn. Crim. App. 1995). Slight evidence is sufficient to establish venue if such evidence is uncontradicted. Smith, 926 S.W.2d at 269. Furthermore, this evidence may be either direct, circumstantial, or both. *Id.*

In the case at bar, the record indicates that the prosecutor failed to ask Officer Heatherly, the only witness at trial, whether the offense occurred in Campbell County. However, the officer testified he was employed with the Jacksboro Police Department and was on duty when he stopped the defendant. Officer Heatherly further testified regarding the presence of two officers from the LaFollette Police Department and an officer from the Caryville Police Department. This evidence was not contradicted at trial.

This court has interpreted Tennessee Rule of Evidence 201 as permitting a jury, whether requested or not, to notice facts "generally known within the territorial jurisdiction of the trial court." State v. Ellis, 89 S.W.3d 584, 598 (Tenn. Crim. App. 2000) (citation omitted). Furthermore, as a general rule, "the jury may use their common knowledge and experience in deciding whether a fact is logically deducible from the circumstances in evidence, or in making reasonable inferences from the evidence." *Id.* at n.5 (citation omitted).

A court may take judicial notice of the location of a city within a particular county. State v. Chadwick, 750 S.W.2d 161, 165 (Tenn. Crim. App. 1987).[1] Furthermore, an appellate court may

---

[1] We note that cases appear to conflict regarding whether testimony identifying business establishments and street names is sufficient to establish venue. *See, e.g.,* Clariday v. State, 552 S.W.2d 759, 770 (Tenn. Crim. App. 1976) (noting the trial court could have taken judicial notice that a particular intersection was located in Davidson County); State v. Johnny Wade Meeks, No. 03C01-9811-CR-00411, 1999 Tenn. Crim. App. LEXIS 1218, at *10 (Tenn. Crim. App. Dec. 3, 1999) (holding the jury could reasonably infer venue from testimony of businesses and street names), *perm. to app. denied* (Tenn. 2000); State v. Alonzo Tony Watson, No. 01C01-9606-CC-00260, 1998 Tenn. Crim. App. LEXIS 57, at **13-14 (Tenn. Crim. App. Jan. 14, 1998) (same); *but see* State v. Young, 617 S.W.2d 661, 663 (Tenn. Crim. App. 1981) (suggesting judicial notice of streets may not be taken); State v. Jeffery Hayes, No. 86-257-III, 1986 Tenn. Crim. App. LEXIS 2698, at **9-10 (Tenn. Crim. App. June 6, 1986) (holding that courts could not notice that a particular address was located in Montgomery County). Regardless, we need not reach this issue to resolve the present case.

take judicial notice of facts which a trial court "could or should have noticed." Smith v. State, 607 S.W.2d 906, 907 (Tenn. Crim. App. 1980). Although the jury instructions are not included in the appellate record, the trial court acknowledged at the hearing on the motion for new trial that it did not provide the jury with an instruction on judicial notice. The record reflects that after the state rested its case, the defendant, out of the presence of the jury, moved for acquittal and argued to the trial court that the state failed to establish venue. The trial court denied the motion, and no further proof was offered. The defendant at no time argued to the jury that the state failed to establish venue. Under these circumstances, we are unable to conclude a jury instruction was necessary. *See* Tenn. R. Evid. 201(g) (stating a court should instruct the jury in a criminal case it "may, but is not required to, accept as conclusive any fact judicially noticed").

Initially, we note there was evidence that the defendant was booked at the Campbell County jail after his arrest. More importantly, it is beyond dispute that the cities of Jacksboro, LaFollette, and Caryville are located within Campbell County. *See* Tennessee Blue Book 678, 680 (2004). Moreover, the jury, which was comprised of citizens of Campbell County, could use their common knowledge and experiences to recognize Jacksboro, LaFollette, and Caryville as cities located within Campbell County. Therefore, Officer Heatherly's uncontested testimony that he was on duty as a Jacksboro police officer when he observed the defendant and that officers from LaFollette and Caryville were also present constitutes the slight evidence necessary to establish that the offense occurred in Campbell County. *See* State v. Marbury, 908 S.W.2d 405, 408 (Tenn. Crim. App. 1995) (holding that an officer's uncontradicted testimony in a DUI case that he was on duty as a Somerville police officer when he observed the defendant speeding was sufficient to establish venue in Fayette County). Marbury, a published opinion, appears to be on point and is controlling authority. *See* Tenn. Sup. Ct. R. 4(H)(2) (stating an opinion reported in the official reporter is "controlling authority" unless and until it is reversed or modified).

Although we conclude that the evidence is sufficient to establish venue, we observe the obvious: venue problems in routine cases are easily avoided by asking a witness whether the relevant location is in the county. Because venue is jurisdictional, it should be on the prosecutor's checklist in every case. Moreover, following a defendant's motion for dismissal based upon venue, the prosecution can move to reopen its case in order to establish venue. *See* Clariday v. State, 552 S.W.2d 759, 771 (Tenn. Crim. App. 1976) (holding the trial court did not abuse its discretion in permitting the state to reopen its case in order to establish venue); State v. Ricky Ogan, No. 01C01-9406-CC-00213, 1997 Tenn. Crim. App. LEXIS 422, at *9 (Tenn. Crim. App. Apr. 30, 1997) (same). Regardless, the defendant is not entitled to relief on this issue.

Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE

-3-