IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 24, 2006 Session

**STATE OF TENNESSEE v. KAMAL MUHAMMAD**

**Appeal from the Criminal Court for Davidson County**
**No. 2003-D-2648     Seth Norman, Judge**

**No. M2004-03067-CCA-R3-CD - Filed February 17, 2006**

The appellant, Kamal Muhammed, was indicted with second offense driving under the influence. After a jury trial, the appellant was convicted of the indicted offense. As a result, he was sentenced to eleven months and twenty-nine days. All but seventy-five days of the sentence were suspended. The appellant challenges his conviction on appeal, arguing that the State failed to prove venue and that he received ineffective assistance of counsel. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL, and ROBERT W. WEDEMEYER, JJ., joined.

Jeremy Gourley, Nashville, Tennessee, for the appellant, Kamal Muhammed.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Scott McMurtry, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 18, 2004, at approximately 9:40 p.m., Officer Coleman Womack of the Metropolitan Nashville Police Department was on special assignment doing DUI interdiction in the area of the Nashville Airport. Officer Womack was traveling along Donelson Pike when the appellant drove toward him at a high rate of speed. Officer Womack turned around so that he could follow and pace the appellant. Officer Womack initiated a traffic stop after he determined that the appellant was driving approximately seventy miles-per-hour and witnessed the appellant's vehicle cross the center line.

During the stop, Officer Womack noticed the appellant's blood-shot and watery eyes, slurred speech and an odor of alcoholic beverages. According to the officer, the appellant admitted that he had consumed six beers over the course of the day at a party hosted by his brother. As the appellant exited his car, he was unsteady on his feet. Officer Womack asked the appellant to perform several field sobriety tasks, the walk-and-turn and the one-legged stand. The appellant was unable to satisfactorily complete the walk-and-turn and complained of a disability that would not allow him to stand on one leg. Officer Womack read the appellant the implied consent law at that time and the appellant agreed to take a breathalyzer test.

Officer Womack summoned a DUI officer to the scene. While they waited, Officer Womack closely observed the appellant for twenty minutes during which the appellant did not regurgitate, burp, cough, chew gum or have anything in his mouth. Officer Womack felt that the appellant was not capable of driving safely.

Sergeant David Slessinger, a certified DUI officer, arrived on the scene near the intersection of Donelson Pike and Interstate 40. The appellant admitted to Officer Slessinger that he had consumed six beers over the course of the day. Officer Slessinger noticed an odor of alcoholic beverages about the appellant's person. The breathalyzer test indicated that the appellant had a breath-alcohol content of .13 percent.

At trial, counsel for the appellant moved to dismiss the case on the grounds that the State failed to prove venue. The trial court denied the motion. The appellant was convicted by a jury of second offense DUI and sentenced by the trial court to eleven months and twenty-nine days. The trial court suspended all but seventy-five days of the appellant's sentence. Subsequently, the appellant filed a motion for new trial, arguing that the State failed to prove venue and that his sentence was excessive, among other things. After the denial of the motion for new trial, the appellant appealed. On appeal, the following issues are presented for our review: (1) whether the State failed to prove venue; and (2) whether the appellant received ineffective assistance of counsel.

Analysis

Venue

First, the appellant complains that the trial court erred by failing to grant the appellant's motion to dismiss at the close of the State's proof. Specifically, the appellant contends that the State failed to prove venue in Davidson County. The State disagrees.

Article I, Section 9 of the Tennessee Constitution and Tennessee Rule of Criminal Procedure 18 provide that an accused is entitled to trial in the county in which the offense is committed. Smith v. State, 607 S.W.2d 906, 907 (Tenn. Crim. App. 1980). Venue is a jurisdictional matter and not an element of the crime charged. State v. Hutcherson, 790 S.W.2d 532, 535 (Tenn. 1990). The burden is on the prosecution to prove that the offense was committed in the county provided in the

indictment. Ellis v. Carlton, 986 S.W.2d 600, 602 (Tenn. Crim. App. 1998) (citing Harvey v. State, 376 S.W.2d 497, 498 (Tenn. 1964)). Venue may be shown by a preponderance of the evidence which may be either direct or circumstantial. Ricky Harris v. State, No. 03C01- 9611-CR-00410, 1998 WL 191441, at *12 (Tenn. Crim. App., at Knoxville, Apr. 23, 1998), perm. app. denied (Tenn. 1998) (citing Hopper v. State, 326 S.W.2d 448, 451 (Tenn. 1959)). Slight evidence with respect to venue will be enough to carry the burden of proof if that evidence is uncontradicted. State v. Smith, 926 S.W.2d 267, 269 (Tenn. Crim. App. 1995). The question of venue is for the jury to determine, and a jury is entitled to draw reasonable inferences from proven facts as to the issue of venue. See Tenn. R. Crim. P. 18(a); State v. Johnson, 673 S.W.2d 877 (Tenn. Crim. App. 1984).

An examination of the record herein reveals that at no time during the trial did the State ask the direct and important question, "Did these events occur in Davidson County, Tennessee?" Had this been done, there would be no issue on appeal. Nevertheless, the proof established that Officer Coleman Womack worked for the "Metro Police Department" and was assigned to patrol the area covering "Inglewood and East Nashville." On the night in question, Officer Womack was on patrol "in the Donelson area, around Donelson Pike, Murfreesboro Road, Elm Hill Pike area" "in front of the airport." More importantly, Officer Womack testified that the traffic stop involving the appellant occurred near the intersection of "Donelson Pike and I-40." Officer Womack summoned Officer Slessinger to the scene to administer the breathalyzer test and Officer Slessinger testified that he was not assigned to a zone "other than Davidson County." We determine from our examination of the record that there is sufficient evidence for the jury to infer that the offense of DUI occurred within the boundaries of Davidson County. This issue is without merit.

## Ineffective Assistance of Counsel

Next, the appellant complains that he was denied the right to effective assistance of counsel at trial. The State contends that the issue is waived for failure to bring it in the motion for new trial.

We have repeatedly warned that the decision to include this issue on direct appeal is "fraught with peril." State v. Jimmy L. Sluder, No. 1236, 1990 WL 26552, at *7 (Tenn. Crim. App., at Knoxville, Mar. 14, 1990), perm. app. denied, (Tenn. 1990). The defendant risks having the issue resolved finally "without an evidentiary hearing which, if held, might be the only way harm could be shown--a prerequisite for relief in ineffective trial counsel claims." Jimmy Wayne Wilson v. State, No. 909, 1991 WL 87245, at *6 (Tenn. Crim. App., at Knoxville, May 29, 1991).

In other words, claims of ineffective assistance of counsel are generally more appropriately raised in a petition for post-conviction relief rather than on direct appeal. See State v. Carruthers, 35 S.W.3d 516, 551 (Tenn. 2000); see also State v. Anderson, 835 S.W.2d 600, 606 (Tenn. Crim. App. 1992). Moreover, once the merits of an ineffective assistance of counsel claim have been addressed on direct appeal, the issue may not be revisited in a post-conviction proceeding. See Bobby Allen Joyner v. State, No. 03C01-9807-CR-00260, 1999 WL318832, at *2 (Tenn. Crim. App., at Knoxville, May 19, 1999), perm. app. denied, (Tenn. 1999). Thus, the better practice is to

reserve the issue for a post-conviction proceeding in the event the direct appeal is unsuccessful. Brandon, 2002 WL 31373470, at *2.

The appellant claims that trial counsel was ineffective for the following reasons: (1) trial counsel failed to call him to testify at his sentencing hearing; (2) trial counsel did not fully explore the defense; and (3) trial counsel failed to properly pursue the motion to suppress.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. Goad, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In order to determine whether counsel provided effective assistance, we examine whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689; State v. Honeycutt, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688).

There was no evidence presented at the hearing on the motion for new trial to support his claim that trial counsel was deficient because the issue was not raised in the motion for a new trial. This issue is waived. Tenn. r. App. P. 3(e); State v. Meade, 942 S.W.2d 561, 566 (Tenn. Crim. App. 1996).

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

                                                        _____

JERRY L. SMITH, JUDGE