STATE of Tennessee, Appellant,

v.

**Joey Tapley HUTCHERSON, Appellee.**

Supreme Court of Tennessee,
Western Section.

May 14, 1990.

James H. Bostick, Asst. Public Defender, April Ferguson, Memphis, for appellee.

W.J. Michael Cody, Atty. Gen. & Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, for appellant.

## OPINION

FONES, Justice.

Defendant was convicted of one count of sexual battery and sentenced to serve three years in the Shelby County Correctional Center. The Court of Criminal Appeals found that the State had failed to prove that the offense was committed in Shelby County; that venue and jurisdiction were not established and the conviction was reversed and dismissed.

We granted the State's Rule 11 application for permission to appeal to determine whether the prosecution's failure to prove venue requires dismissal, where venue is not established in another jurisdiction, or whether the case may be remanded for retrial.

■ The victim was five-year-old Crystal Robertson. Her mother and father were divorced, and defendant was her father's step-father. An irrelevant series of events resulted in Crystal and her six-year-old brother being left with defendant as their baby-sitter one afternoon. Defendant drove the three of them to a place with a sandy bank where the victim's brother fished from the bank while defendant drank beer and played with the victim. When the children were picked up that evening, they told their mother about defendant's actions and she promptly summoned the police. A Shelby County deputy testified that, "from the information I received, we pieced together where the incident happened at." He said it was an area off North Highland just north of Chelsea, "behind ... Sears Complex where the warehouse is." He testified that when the Wolf River floods small lakes are formed in that area, one of which was behind the

Sears Complex and "people go down and go fishing." The officer's testimony was objected to as based upon hearsay. No factual basis was provided in support of the officer's "pieced together" location of the offense. We are therefore compelled to agree with the intermediate court that the State failed to prove venue.

■ We have carefully considered the cases cited by the State wherein venue has been established by circumstantial evidence, characterized by the State as "slight." *See, e.g. State v. Bennett,* 549 S.W.2d 949 (Tenn.1977); *Hopson v. State,* 201 Tenn. 337, 299 S.W.2d 11 (1957); and, *Gilliland v. State,* 187 Tenn. 592, 216 S.W.2d 323 (1948). It is true that venue may be established by a preponderance of the evidence, rather than beyond a reasonable doubt. *State v. Bennett,* 549 S.W.2d at 949, 951. In this case the only admissible fact having any probative value that suggests the possibility that the offense occurred in Shelby County is that the mother of the victim called the Shelby County Sheriff's Office to report the crime and that office conducted an investigation.

The State contends that the fact that the Shelby County Sheriff's Department investigated the case is a circumstance from which it may be inferred that the offense occurred within the boundaries of that county. Reliance is placed on *Hopson v. State, supra,* for that assertion. In *Hopson,* defendant was indicted for driving while intoxicated, "on a street in Memphis, Shelby County, Tennessee." The proof established that the vehicle defendant was driving on Winchester Street left tracks from that street and came to rest just outside the back door of a residence, and that Winchester Street and the residence were in *Shelby County.* Defendant's lawyer insisted that because the indictment included Memphis as the location of the offense, as well as Shelby County, proof of venue was deficient, because there was no proof that the crime occurred in Memphis. In responding to that utterly frivolous issue, the court pointed out that the indictment charged that the offense occurred in Shelby County, the proof established that

the offense occurred in Shelby County, and the case was tried in the trial court having jurisdiction of any criminal offense occurring in Shelby County. The court also added dicta to the effect that the court could take judicial notice that Memphis is in Shelby County and that the allegation in the indictment that it occurred in Memphis was mere surplusage. Two officers of the Memphis Police Department investigated the accident in response to a call from someone residing in Lauderdale Courts, which had been proven to be in *Shelby County.* It was totally irrelevant to prove venue in Memphis, having proved the accident occurred in Shelby County. Thus, we are unwilling to accept the court's comment that the fact that Memphis police officers investigated the accident was a circumstance from which it might be reasonably inferred that the accident occurred in Memphis, as precedent to be applied in the instant case where that circumstance stands alone, on the issue of venue.

The Court of Criminal Appeals also rejected that contention and concluded that the State had failed to establish that the offense occurred in Shelby County. That court dismissed the case and on petition to rehear rejected the State's contention that the case should be remanded for a new trial, relying upon *Wright v. State,* 2 Tenn. Cr.App. 95, 451 S.W.2d 707 (1969) and *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

In *Wright,* defendant burglarized a furniture company located in Marshall County and stole a television set and a record player, and those two items were found in his possession in Davidson County. He was indicted and tried in Marshall County on three counts: burglary, stealing a record player and television, and receiving and concealing stolen property. The jury verdict addressed only the count charging receiving and concealing stolen property, finding him guilty, which action amounted to an acquittal on the other counts. The intermediate court held that the undisputed proof showed that the receiving and concealing offense occurred in Davidson County, thus establishing venue and jurisdiction in that county and rendering void a convic-

tion for that offense in Marshall County. Without any discussion whatever of the issue of remand for a new trial or dismissal, the court dismissed the case.

In *Burks v. United States, supra,* defendant robbed a federally insured bank. Defendant's principal defense was insanity. He presented three expert witnesses who testified unequivocally that he suffered from a mental illness that rendered him incapable of conforming his conduct to the requirements of the law at the time of the offense. The government offered one expert witness who said defendant had a character disorder but was not mentally ill, and a second expert was ambiguous on the question of whether defendant could conform his conduct to the requirements of the law. The jury found defendant guilty and the trial judge denied his motion for a new trial, wherein he relied on insufficiency of the government's evidence on the insanity issue. The Sixth Circuit reversed on that issue noting that the government had the burden of proving sanity beyond a reasonable doubt, once a prima facie defense of insanity had been raised. That court remanded the case to the trial court for a determination of whether a directed verdict of acquittal should be entered or a new trial granted.

The United States Supreme Court granted certiorari to consider the question of whether a defendant may be tried a second time when a reviewing court has determined that in a prior trial the evidence was insufficient to sustain the verdict of the jury.

The Court reviewed its prior cases involving reversals for insufficiency of evidence to convict and reversals for trial error and concluded that the Double Jeopardy Clause had not been consistently applied or properly construed. The Court reversed prior decisions that had ordered a new trial upon a finding of insufficiency of evidence where a defendant had sought a new trial in addition to a judgment of acquittal. It reaffirmed the rule that where the reversal is for trial error, the case may be remanded for a new trial without violating the Double Jeopardy Clause, but where an appellate court finds the prosecution's proof on the issue of guilt or innocence of defendant was insufficient to convict, Double Jeopardy commands a dismissal.

■ Thus, the issue we confront in the instant case is whether failure to establish venue is trial error or insufficiency of evidence.

Some clues may be found in the *Burks* court's examination of the rationales behind the two types of reversals, which follows:

> Various rationales have been advanced to support the policy of allowing retrial to correct trial error, but in our view the most reasonable justification is that advanced by [*U.S. v.*] *Tateo, supra,* 377 U.S., [463] at 466, 84 S.Ct., [1587] at 1589 [12 L.Ed.2d 448 (1964)]:

>> It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.

See [*U.S. v.*] *Wilson, supra,* 420 U.S., [332] at 343–344, n. 11, 95 S.Ct., [1013] at 1021–1022 [n. 11, 43 L.Ed.2d 232 (1975)]; *Wade v. Hunter,* 336 U.S. 684, 688–689, 69 S.Ct. 834, 836–837, 93 L.Ed. 974 (1949). In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished. See Note, Double Jeopardy: A New Trial After Appellate Reversal for Insufficient Evidence, 31 U.Chi.L.Rev. 365, 370 (1964).

The same cannot be said when a defendant's conviction has been overturned due to a failure of proof at trial, in which case the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble. Moreover, such an appellate reversal means that the government's case was so lacking that it should not have ever been *submitted* to the jury. Since we necessarily afford absolute finality to a jury's *verdict* of acquittal—no matter how erroneous its decision—it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty.

98 S.Ct. at 2149–2150.

 It seems that the basic distinction is whether the defect that requires reversal involved the guilt or innocence of defendant. Proof of venue is necessary to establish the jurisdiction of the court, but it is not an element of any offense and need only be proved by a preponderance of the evidence. *See e.g., Wright v. State, supra.* Venue has nothing whatever to do with the guilt or innocence of a defendant.

The *Burks* court also quoted with approval from *United States v. Tateo,* 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964) that the Double Jeopardy Clause does not preclude retrying a defendant whose conviction is set aside because of an *error in the proceedings.* We are of the opinion that failure to establish venue is in that category and retrial does not violate that constitutional command.

We do not find that *Wright* would require a different result. Our intermediate court found that Marshall County had no jurisdiction to try defendant for the offense of receiving and concealing stolen property because venue and thus jurisdiction was affirmatively established to be in Davidson County. The court had no alternative but to dismiss an attempted prosecution in Marshall County. Remand as an alternative did not exist, therefore the issue of the application of the Double Jeopardy Clause

was not presented. There is not one scintilla of evidence in this case that the offense occurred in any county other than Shelby. It also appears likely that the location of the offense could be ascertained by taking the victim and her brother to lake or river locations that have sandy banks, within an appropriate distance from the known starting place, defendant's residence, 1490 Duke, Memphis.

The result is that we affirm the Court of Criminal Appeals in holding that venue was not established and reverse its dismissal of the case. We remand to the Criminal Court of Shelby County for retrial.

DROWOTA, C.J., and COOPER, HARBISON and O'BRIEN, JJ., concur.