STATE of Tennessee, Appellee,

v.

Robert E. WILLIFORD, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

July 3, 1991.

Permission to Appeal Denied by Supreme Court Jan. 27, 1992.

Victor J. Vaughn, Johnson City, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, James W. Milam, Asst. Atty. Gen., Nashville, David Crockett, Dist. Atty. Gen., William R. Mooney, Asst. Dist. Atty. Gen., Jonesborough, for appellee.

OPINION

PEAY, Judge.

The defendant was convicted by a jury of murder in the first degree. The jury then set his punishment at life imprisonment; however, this conviction was reversed and remanded by this Court. *State v. Robert E. Williford, Jr.*, No. 242, 1989 WL 135319 (Tenn.Crim.App. filed November 9, 1989, at Knoxville). Following the reversal, the defendant filed a motion to dismiss, which motion was denied by the trial court. This matter is now before this Court by interlocutory appeal granted on October 29, 1990, pursuant to T.R.A.P. 9.

The defendant presents only one issue for review, claiming the trial court erred in denying his motion to dismiss the indictment. We agree with the defendant's contention, and for this reason the indictment against the defendant must be dismissed.

In the previous opinion in this case, our Court held that the record did not contain evidence to corroborate the testimony of the accomplice as a matter of law. After this finding the Court then reversed the

conviction, and the case was remanded. There were no instructions as to what course the trial court should follow on remand.

The defendant contends that a reversal because of the lack of corroboration of an accomplice's testimony is in fact a reversal because of insufficient evidence. The State argues that the requirement of corroboration of an accomplice is not mandated by federal or state constitutions, and, therefore, the prohibition against double jeopardy would not apply upon retrial.

This same issue has previously been decided by this Court in the case of *State v. Vesper Denton Hicks*, No. 200, 1986 WL 677 (Tenn.Crim.App. filed January 10, 1986, at Knoxville) *aff'd per curiam*, 1987 WL 16204 (Tenn. August 31, 1987). In *Hicks* this Court held that where there is insufficient evidence to corroborate the testimony of an accomplice, the case must be reversed and dismissed.

Our Supreme Court has held that the bar against double jeopardy prohibits retrial where a reversal is based on insufficiency of evidence as opposed to a trial error. While a trial error may affect the fair adjudication of a defendant's case, the court found insufficiency of evidence involves the actual guilt or innocence of a defendant. Our Supreme Court went on to cite *Burks v. U.S.*, 437 U.S. 1, 14, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978) which held that where a conviction was overturned due to failure of proof at trial, "the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble". *State v. Hutcherson*, 790 S.W.2d 532, 535 (Tenn.1990). "[W]here an appellate court finds the prosecution's proof on the issue of guilt or innocence of [the] defendant was insufficient to convict, Double Jeopardy commands a dismissal." *Hutcherson*, 790 S.W.2d 532, 534.

In this case the State further contends that new evidence to corroborate the accomplice's testimony has come into the prosecutor's hands; thus, a retrial should be allowed. This proposition is supported by an opinion of this Court which reversed for lack of corroboration of the accomplice and recommended dismissal if no other proof was available. *Gable v. State*, 519 S.W.2d 83, 85 (Tenn.Crim.App.1974). This decision was handed down prior to *Burks* and is therefore no longer of precedential value.

If the trial judge had granted a verdict of acquittal at the conclusion of the State's proof, then double jeopardy would prohibit a subsequent trial. *Burks*, 437 U.S. 1, 10–11, 98 S.Ct. 2141, 2146–2147. This is true even though the trial judge may have ruled improperly. *Cf. State v. Adkins*, 619 S.W.2d 147 (Tenn.Crim.App.1981). We see no difference in a reversal on appeal for insufficient evidence and a verdict of acquittal based on insufficient evidence.

We therefore hold that a reversal because of insufficient evidence corroborating an accomplice's testimony is not a trial error but relates to the sufficiency of the evidence and is a defect involving the guilt or innocence of a defendant. For this reason the action of the trial judge must be reversed, and the indictment against the defendant dismissed.

JONES and TIPTON, JJ., concur.