STATE of Tennessee, Appellee,

v.

Rodney MARBURY, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

March 29, 1995.

Gary F. Antrican, District Public Defender, Shana C. McCoy, Asst. Dist. Public Defender, Somerville, for the Appellant.

Charles W. Burson, Attorney General & Reporter, George P. Linebaugh, Jr., Counsel for the State, Criminal Justice Division, Nashville, TN, Elizabeth T. Rice, District Attorney General, Christopher S. Marshburn, Asst. Dist. Attorney General, Somerville, for the Appellee.

## OPINION

SUMMERS, Judge.

Appellant Rodney Marbury was convicted by a jury of driving under the influence of an intoxicant. The Circuit Court at Fayette County denied his motion for a new trial. Marbury appeals, challenging the sufficiency of the convicting evidence. We respectfully reverse the judgment of the trial court and dismiss the DUI conviction.

At trial the state called three Somerville police officers as witnesses. The defense rested without offering any proof. There is no transcript of the evidence in the record on appeal. Pursuant to T.R.A.P. 24(c), Marbury prepared a statement of the proceedings. He certified the statement as a fair, accurate and complete account of what transpired in the trial court with respect to the issues on appeal. Marbury filed the statement with the clerk of the trial court and served notice of the filing on the state. The state did not file any objections to Marbury's statement of the proceedings. The evidentiary statement was approved by default pursuant to T.R.A.P. 24(f).

The statement reads as follows:

*OFFICER RICKY GRAVES*

Officer Graves identified himself as a police officer for the City of Somerville Police Department. He stated that he was so employed on June 25, 1993 and was on duty shortly after midnight June 25, 1993. That he was running radar at Joe Brown's Service Station when an automobile appeared, passing at a high rate of speed. That Officer Graves proceeded to chase the small automobile. That no one was assisting him.

Officer Graves testified that he exited his vehicle and drew down once the vehicle stopped. That the driver was told to put hands on steering wheel and that Officer Graves was hollering.

Officer Graves stated that the suspect exited out the passenger-side window. That the suspect was placed in the patrol car.

Officer Graves thought he might have transported the suspect.

Officer Graves testified that the suspect was offered a breath test but refused. That the suspect mellowed out until Officer Pickett arrived, at which time the suspect became loud and was cussing. That the suspect gave incorrect personal information.

Graves stated no field sobriety test was offered.

Officer Graves stated that Officer Cockrell took the suspect, in handcuffs, outside and sprayed him with freeze. That freeze affects the eyes, burns the nose and is very uncomfortable.

Under cross-examination Officer Graves testified that the beer cans confiscated had been destroyed. That it is not uncommon for people arrested to be disorderly, loud and to use profanity.

*OFFICER LLOYD PICKETT*

Lloyd Pickett identified himself as a City of Somerville Police Officer. He stated that he was so employed on June 25, 1993. That a high speed chase took place between Officer Graves and a suspect. That the chase ended on Old Brownsville Road. That the car contained several empty beer containers, both bottles and cans. That the suspect was combative, arguing and uncooperative to the point of giving incorrect information. That Officer Cockrell sprayed the suspect.

*OFFICER DON COCKRELL*

Officer Cockrell testified that he had been employed by the City of Somerville Police Department for ten years. That on June 25, 1993 he was so employed. That he joined the pursuit as backup. That the suspect was stopped on Old Jackson Road.

That Officer Graves ordered the suspect from the car and drew down.

Officer Cockrell described the suspect as combative and belligerent. He stated there were empty and full beer cans in the automobile.

Officer Cockrell stated that the suspect was not given a field sobriety test and was transported to City Hall. That the suspect refused the intoximeter and Officer Cockrell took the man in handcuffs outside to cool down. That the suspect urinated on the police car and Officer Cockrell sprayed him with freeze.

On appeal, Marbury argues that the evidence is insufficient to support his conviction for driving under the influence as that offense is defined at Tennessee Code Annotated Section 55–10–401 (1993). The state argues that the evidence is sufficient, given the standard of review on appeal, to affirm the conviction.

■ In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn. 1983). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

■ Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *State v. Duncan,* 698 S.W.2d 63, 67 (Tenn. 1985); T.R.A.P. 13(e). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield,* 676 S.W.2d 542, 547 (Tenn.1984); *Byrge v. State,* 575 S.W.2d 292, 295 (Tenn.Crim.App.1978).

■ The evidence in the record before us is insufficient to support Marbury's conviction. We do not have a verbatim transcript prepared by a court reporter. We must necessarily rely on the evidentiary statement. Nowhere in the statement of the proceedings is Marbury identified as the person who was arrested or as the "suspect" to whom the officers refer in the statement of the proceedings or as the driver of the vehicle involved. Viewing the evidence in the light most favorable to the state, we are unable to conclude that a rational trier of fact could have found beyond a reasonable doubt that Marbury was driving a vehicle under the influence of an intoxicant. We reiterate that the state did not file objections to the statement of proceedings, although T.R.A.P. 24(c) clearly gives an appellee the right to do so. We reverse Marbury's conviction for driving under the influence of an intoxicant.

■ After the trial in this case, Marbury pled guilty to count two of the indictment charging him, pursuant to Tennessee Code Annotated Section 55–10–403(a)(1)(1993), with previously being convicted on two occasions of driving under the influence. Because this statute does not create a new offense, but only provides for an enhanced punishment, we also reverse count two of the indictment. *See State v. Ward,* 810 S.W.2d 158, 159 (Tenn.Crim.App.1991); *State v. Cottrell,* 868 S.W.2d 673 n. 1 (Tenn.Crim.App. 1992). Without a conviction and sentence for driving under the influence, there is nothing to enhance.

■ Marbury also argues that the evidence is insufficient to establish venue. An accused is entitled to a trial in the county in which the offense was committed. *State v. Bloodsaw,* 746 S.W.2d 722, 723 (Tenn.Crim. App.1987). The burden is on the state to prove that the offense was committed in the county specified in the indictment. *Id.* at 724. T.C.A. § 39–11–201(e)(1993) provides that the state must prove venue "by a preponderance of the evidence." By that term,

the factual information must be sufficient to cause the fact finder to believe that an allegation is probably true. For the evidence to preponderate, it must have the greater convincing effect in the fact finders' belief. *See Austin v. City of Memphis,* 684 S.W.2d 624, 634 (Tenn.App.1984). In the present case, Officer Graves testified that he was running radar while on duty as a Somerville police officer on the morning in question when he observed a vehicle pass him at a high rate of speed. This evidence is uncontradicted and is sufficient to establish venue in Fayette County.

REVERSED AND DISMISSED.

PEAY and HAYES, JJ., concur.