IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 11, 2000 Session

## STATE OF TENNESSEE v. GENE ALLAN LOGUE

**Appeal from the Circuit Court for Benton County**
**No. 99-CR831    Julian P. Guinn, Judge**

---

**No. W1999-01795-CCA-R3-CD - Filed December 15, 2000**

---

Defendant was convicted of theft of property over $500.00, and sentenced to two (2) years as a Range I standard offender.  Defendant now appeals as of right, and raises the following issues:  the evidence is insufficient to sustain his conviction, the court erred in failing to grant his motion for judgment of acquittal because the state failed to prove the value of the property stolen and the venue of the crime in Benton County, and the court erred in sentencing defendant to serve two (2) years and failing to consider alternative sentencing.  We affirm the decision of the trial court.

**T.R.A.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

CORNELIA A. CLARK, SP. J., delivered the opinion of the court, in which DAVID H. WELLES, J. and ALAN E. GLENN, J., joined.

Terry J. Leonard, for appellant, Gene Allan Logue.

Paul G. Summers, Attorney General & Reporter, Kim R. Helper, Assistant Attorney General, Robert "Gus" Radford, District Attorney General, Beth Boswell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Dean Akers owns a cabin on New Hope Road in Benton County.  He is an over-the-road truck driver.  On May 17, 1998, Akers returned from a trip, found the cabin ransacked and discovered that some of his personal property from that home was missing.  He eventually recovered his two missing alpine compound bows at the Pot 'O Gold Pawn Shop in Paris, Henry County.  Akers testified at trial that he had paid $650.00 for one bow and $325.00 for the second bow when he purchased them approximately one year prior to the theft.  By the time of their recovery at the pawn shop they had been stripped of many of their accessories, and damaged significantly.  He last saw the bows in their original condition not long before he discovered his house ransacked.  Akers never gave the defendant or anyone else permission to enter the house or take the bows.

Deputy Richard Lynn Gallimore of the Benton County Sheriff's Department began an investigation of the theft after Akers reported it. The defendant was implicated in this offense because he pawned the two bows at the Pot 'O Gold Pawn Shop in Henry County on May 16, 1998. Deputy Gallimore questioned the defendant, who gave a written statement. He admitted pawning the bows in Henry County, but refused to tell the deputy where he obtained them.

William Bryan Carter, owner of the pawn shop, testified that he gave the defendant $75.00 for both bows. He was unable to speculate on the actual fair market value of those items because they do not sell well in a pawn shop. He testified that the bows are "pretty expensive" to purchase, but that the resale value is low. Upon learning the true identity of the owner, Carter turned over the bows to Akers.

The defendant was indicted in Benton County for the offense of theft by obtaining or exercising control over two alpine compound bows of a value of more than $500.00 but less than $1,000.00. The defendant did not testify at trial.

The defendant's primary argument, stated in several ways, is that the evidence is insufficient to support his conviction. When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this court reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in the testimony in favor of the state. *See State v. Cazes*, 875 S.W. 2d 253, 259 (Tenn. 1994). A presumption of guilt replaces the presumption of innocence. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973).

The undisputed proof in this case is that two compound bows belonging to the victim were removed without his consent from a home he owned in Benton County sometime between mid-April and mid-May, 1998. The defendant was observed in possession and control of the bows on May 16, when he pawned them in Henry County and received money in return. The theft of the property was discovered by the victim on May 17, one day after the property was pawned. The owner of the property never gave his permission for the possession or taking. Defendant never offered any explanation for his possession of the bows, responding only "I ain't saying" when asked where he got them.

Tenn. Code Ann. §39-14-403 provides that "a person commits theft of property if, with the intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent". Possession of recently stolen goods gives rise to an inference that the possessor has stolen them. *State v. Tuttle*, 914 S.W.2d 912 (Tenn. Crim. App.

1995).  In this case the defendant clearly exercised control over property without the owner's effective consent.  He evidenced his intention to deprive the owner when he pawned the property.  Based on the timing of his possession in relation to the discovery of the theft, and his refusal to explain how he came into possession of the items, a jury could reasonably conclude he was guilty of theft.  The proof of these elements of the offense are sufficient to support his conviction for theft.

Defendant next contends that insufficient evidence exists to convict him of the Class E felony of theft of property valued at more than five hundred dollars but less than one thousand dollars.  He asserts that failure to prove the value of the property taken results in failure to prove the offense itself.

Value is defined as "(i) the fair market value of the property . . . at the time and place of the offense; or (ii) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense".  Tenn. Code Ann. §39-11-106(a)(36)(A).  Tenn. R. Evid. 701(b) permits the owner of personal property to testify about the value of that property.  *See also Reeves v. State*, 523 S.W.2d 218, 220 (Tenn. Crim. App. 1975); *Meeks v. State*, 519 S.W.2d 410, 421 (Tenn. Crim. App. 1974).  Presumably, he can testify about either the fair market value at the time of the offense or the replacement cost.

Theft is graded as a Class E felony if the stolen property is valued at more than five hundred dollars but less than one thousand dollars.  Tenn. Code Ann. §39-14-105(2).  Theft is graded as a Class A misdemeanor if the stolen property is valued at five hundred dollars or less.  Tenn. Code Ann. §39-14-105(1).  If property cannot otherwise be valued, it is presumed to have a value of fifty dollars or less.  Tenn. Code Ann. §39-11-106(a)(36)(C).  The theft is then punished as a Class A misdemeanor.

In this case, the victim testified that he originally paid $650.00 for one bow and $325.00 for the second bow.  The purchase occurred just over one year prior to the theft.  Although the pawn shop owner paid only $75.00 for the two bows, he declined to estimate their actual value because bows do not comprise a large part of his business.  Additionally, the victim testified that the bows when recovered at the shop were significantly stripped down from the condition in which they existed when he last saw them before the theft.

The determination of fair market value is a jury question based on the evidence presented at trial.  *State v. Hamm*, 611 S.W.2d 826, 828-829 (Tenn. 1981).  Given the information presented concerning the original purchase price, the original condition of the bows, and the length of ownership, the evidence was sufficient for the jury to determine that the value of the property taken was more than five hundred dollars but less than one thousand dollars.  This issue is without merit.

Defendant next contends that the state failed to prove venue in Benton County.  An accused is entitled to a trial in the county in which the offense was committed.  *State v. Marbury*, 908 S.W.2d 405, 407 (Tenn. Crim. App. 1995); *State v. Bloodsaw*, 746 S.W.2d 722, 723 (Tenn. Crim. App. 1987).  The burden is on the state to prove by a preponderance of the evidence that the offense was

committed in the county specified in the indictment. *Marbury*, 908 S.W.2d at 407; *Bloodsaw*, 746 S.W.2d at 724. However, if one or more elements of an offense are committed in one county and one or more elements in another, the offense may be prosecuted in either county. Tenn. R. Crim. P. 18(b).

Tenn. Code Ann. §39-11-201(e) provides that the state must prove venue "by a preponderance of the evidence". The factual information must be sufficient to cause the fact finder to believe that an allegation is probably true. For the evidence to preponderate, it must have the greater convincing effect in the fact finders' belief. *See Marbury*, 908 S.W.2d at 408. Venue may be shown by either direct or circumstantial evidence. *See State v. Hutcherson*, 790 S.W.2d 532, 533 (Tenn. 1990). A jury is entitled to draw a reasonable inference as to venue from proven facts. *State v. Reed*, 845 S.W.2d 234, 238 (Tenn. Crim. App. 1992).

Assuming arguendo that the evidence contained in the record was insufficient to establish the venue of the offense, the remedy would be a remand to the trial court for a new trial, not a dismissal of the prosecution. *State v. Hutcherson*, 790 S.W.2d 532, 534-535 (Tenn. 1990).

However, in this case venue has been proven by preponderance of the evidence. Defendant was indicted for obtaining or exercising control over property in Benton County. Theft is deemed to be a continuing course of conduct. *See State v. Lon Mitchell Pierce, Jr.*, Sullivan County, No. 03C01-9703-CR-0017 (Tenn. Crim. App., Knoxville, September 10, 1998). The taking occurred in Benton County. The defendant was observed in possession of the stolen goods in Henry County. His pawning of the property there clearly evidenced his intention to deprive the owner of the property. Since some elements of the offense took place in two different counties, the state had the right to prosecute in either county. This issue is without merit.

The defendant finally argues that the trial court improperly denied alternative sentencing based solely on his refusal to name the person he claims actually took the property in Benton County. He asserts that the trial court acknowledged his presumptive eligibility for alternative sentencing, but found that the defendant represented a threat to society and was not amenable to rehabilitation solely because he would not name the "friend" who had sold him the bows in question.

When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. §40-35-401 (d). This presumption is, however, "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W. 2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statements

-4-

that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§40-35-102, -103, and -210; *See State v. Smith*, 735 S.W. 2d 859, 863 (Tenn. Crim. App. 1987).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. The defendant, convicted of a Class E felony, is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. §40-35-102(6). However, the burden of establishing suitability for probation rests with the defendant. Tenn. Code Ann. §40-35-303(b). The statutory presumption of an alternative sentence may be rebutted by "evidence to the contrary". See Tenn. Code Ann. §40-35-102(6).

Among the factors applicable to an application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and the best interest of the defendant and the public. *State v. Grear*, 568 S.W2d 285, 286 (Tenn. 1978). Alternative sentencing issues must be determined by the facts and circumstances of the individual case. *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986). "Each case must be bottomed upon its own facts". *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Because sentencing requires an individualized, case by case approach, the method of analysis will necessarily embody the exercise of discretion at the trial court level. *State v. Fletcher*, 805 S.W.2d 785 (Tenn. Crim. App. 1991). "It is not the policy of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." *Ashby*, 823 S.W.2d at 171. (quoting *Moten v. State*, 559 S.W.2d 770, 773 (Tenn. 1977)).

The trial court found that two enhancement factors applied to this case: Tenn. Code Ann. §40-35-114(1) - previous history of criminal convictions or criminal behavior, and (8) - previous history of unwillingness to comply with the conditions of a sentence involving release into the community. We find both enhancement factors to be applicable. The defendant, who was only nineteen (19) years of age at the time of sentencing, already had two alcohol-related misdemeanor convictions. Additionally, those offenses were committed after the defendant was released on bail following his arrest in the instant case. Further, at the time of sentencing, defendant had two additional charges pending which were alleged to have been committed while he was on probation from the earlier alcohol-related cases and released on bond in the instant case. All of these matters were considered by the trial judge in reaching his sentencing decision.

It is improper for a trial court to deny alternative sentencing based solely on a defendant's refusal to reveal the names of his sources. *See State v. Ricky Keele*, No. 02C01-9805-CC-00139, Hardin County (Tenn. Crim. App., Jackson, March 22, 1999). However, a trial court may consider such refusal along with other factors in determining whether alternative sentencing is in the best interest of the defendant and society. *See State v. Larry Neal Wilson*, No. 02C01-9303-CC-00040, Hardin County (Tenn. Crim. App., Jackson, April 6, 1994). A lack of candor, bearing upon the defendant's amenability to probation, is a basis for denying probation. *State v. Neely*, 678 S.W.2d 48, 49 (Tenn. 1984); *State v. Byrd*, 861 S.W.2d 377, 380 (Tenn. Crim. App. 1993). Similarly, a

defendant's untruthfulness is a factor that can be considered. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983).

Based on the defendant's prior criminal history, his lack of apparent amenability to rehabilitation, as well as his lack of candor about how he received the bows, this court finds that the presumption of alternative sentencing has been rebutted. This issue is without merit.

For the reasons set forth above, the judgment of the trial court is affirmed in all respects.

_____
CORNELIA A. CLARK, SPECIAL JUDGE