IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 15, 2000

## STATE OF TENNESSEE v. HAROLD M. BAYUK

**Direct Appeal from the Circuit Court for Hickman County**
**No. 99-5083CR-I     Timothy L. Easter, Judge**

_____

### No. M2000-01654-CCA-R3-CD - Filed March 8, 2001

_____

The Appellant, Harold M. Bayuk, was convicted by a Hickman County Circuit Court jury of one count of driving under the influence of an intoxicant and one count of driving on a revoked license. Following his conviction for DUI, the Appellant waived his right to jury sentencing and agreed to submit the issue of enhanced punishment to the trial court. The trial court found the Appellant guilty of DUI, third offense, and sentenced him to eleven months twenty-nine days, with 150 days to be served in confinement. On appeal, the Appellant argues that the trial court erred in sentencing him to serve 150 days instead of the statutory minimum of 120 days. After review, we affirm the judgment of the trial court in part, vacate in part, and remand this case to the trial court for entry of an amended judgment of conviction.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed in Part; Vacated in Part; Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA McGEE OGLE, JJ., joined.

Gary M. Howell, Columbia, Tennessee, for the Appellant, Harold M. Bayuk.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Elizabeth B. Marney, Assistant Attorney General, and Lee Dryer, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### I. Factual Background

The Appellant, Harold M. Bayuk, was convicted by a Hickman County Circuit Court jury of one count of driving under the influence and one count of driving on a revoked license. Following his conviction for DUI, the Appellant waived his right to have the jury sentence him and instead

submitted the issue of enhanced punishment to the trial court. The trial court found the Appellant guilty of DUI, third offense, and sentenced him to eleven months twenty-nine days, with 150 days to serve. On appeal, the Appellant argues that the trial court erred in sentencing him to serve 150 days instead of the statutory minimum of 120 days.

## II. Analysis

The Appellant bears the burden of demonstrating to this court why the sentence is improper. Sentencing Commission Comments, TENN. CODE ANN. § 40-35-401(d)(1997). To this end, "[w]hen a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). This court is precluded from considering an issue when the record is incomplete regarding that issue. Ballard, 855 S.W.2d at 561. In the absence of a complete record, this court must conclusively presume that the ruling of the trial court was correct. State v. Griffis, 964 S.W.2d 577, 593 (Tenn. Crim. App. 1997). In the instant case, the Appellant failed to include a transcript of the sentencing hearing for our review. Therefore, we must presume that the trial court correctly sentenced the Appellant. State v. Osborn, No. 03C01-9803-CR-00118 (Tenn. Crim. App. at Knoxville, Mar. 13, 2000). Accordingly, we affirm the judgment of the trial court.

Notwithstanding, we find it necessary to address an additional issue not raised by either party upon appeal. First, we note that the Hickman County Grand Jury returned an indictment against the Appellant on the following three counts: (1) driving under the influence of an intoxicant; (2) driving on a revoked license; and (3) driving under the influence of an intoxicant, third offense. The jury subsequently found the Appellant guilty of Counts 1 and 2 above and the trial judge found the Appellant guilty of Count 3. In effect, the Appellant was convicted of both DUI and DUI, third offense, for the same incident, with accompanying judgments of conviction being entered for the respective offenses. Moreover, we note that the sentences imposed in Counts 1 and 3 were ordered by the trial judge to be served consecutively, resulting in a probationary period that is not authorized under TENN. CODE ANN. § 40-35-303(c)(sentence may not exceed the statutory minimum time for the conviction offense). We find this to be plain error. *See* Tenn. R. Crim. P. 52(b).

The Appellant should have been convicted of only one DUI offense as there is only one statutory violation for DUI, that being TENN. CODE ANN. § 55-10-401. The punishment for multiple DUI offenders is contained in TENN. CODE ANN. § 55-10-403. This code provision constitutes enhanced punishment and is not a new or separate offense.[1] *See also* State v. Marbury, 908 S.W.2d 405, 407 (Tenn. Crim. App. 1995). TENN. CODE ANN. § 55-10-403(g)(2) requires the prosecution to provide notice to the defendant when prior DUI convictions will be considered for purposes of enhancing his or her sentence. This notice requirement is met when the prosecution places the

---

[1]The record reflects that Count 3 of the indictment alleging DUI, third offense, was presented by the district attorney to the grand jury, with the grand jury indicting the Appellant for DUI, third offense. Again, for instructional purposes, because DUI, third offense, does not constitute a substantive offense, no action was required by the grand jury.

required information, such as the time, place, and state of any prior convictions, in the charging instrument. TENN. CODE ANN. § 55-10-403(g)(2). Once again, we emphasize that such information is used for enhancement purposes only.

**CONCLUSION**

Based upon the foregoing, we affirm the Appellant's sentence but remand this case to the trial court for dismissal of Count 3. The Appellant's jury conviction for DUI under Count 1 remains. The judgment of conviction for Count 1 is to be amended to reflect the trial court's imposition of enhanced punishment as a DUI, third offender.

_____
DAVID G. HAYES, JUDGE