IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 29, 2002

## STATE OF TENNESSEE v. THOMAS MICHAEL SHINAVAR

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40000548     Michael R. Jones, Judge**

_____

**No. M2002-00598-CCA-R3-CD - Filed November 15, 2002**

_____

A Montgomery County jury convicted the defendant, Thomas Michael Shinavar, of driving under the influence (DUI), his fourth offense and a Class E felony.  On appeal, the defendant presents the following issues: (1) whether the indictment charging DUI failed to satisfy constitutional and statutory requirements; and (2) whether the indictment failed to provide adequate notice to the defendant that he was charged with a felony rather than a misdemeanor.  After reviewing the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Roger E. Nell, District Public Defender; and Collier W. Goodlett, Assistant District Public Defender, for the appellant, Thomas Michael Shinavar.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and C. Daniel Brollier, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On June 9, 2000, the defendant, Thomas Shinavar, was arrested for DUI.  The defendant was indicted for fourth offense DUI and was convicted as charged.  Because sufficiency of the evidence is not an issue in this appeal, we will not relate the facts upon which the conviction was based.

## NOTICE OF THE OFFENSE

The defendant contends the indictment failed to provide him with adequate notice of the offense with which he was charged. We disagree.

The pertinent count of the indictment, charging the defendant with DUI, stated:

> That on the 9th day of June, 2000, and in the State and County aforesaid, the said THOMAS MICHAEL SHINAVAR unlawfully and knowingly did drive or physically control a motor driven vehicle on a public road of the State of Tennessee, or wherever same is prohibited, and the Defendant has previously been convicted of driving under the influence as follows: August 25, 1989 in Montgomery County, Tennessee, November 21, 1989 in Montgomery County, Tennessee, and August 16, 1996 in Montgomery County, Tennessee, thus committing a fourth driving under the influence offense, in violation of TCA 55-10-401(a)(1), and against the peace and dignity of the State of Tennessee.

An indictment must "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended . . . ." Tenn. Code Ann. § 40-13-202. To satisfy our constitutional notice requirements, an indictment must provide notice of the offense charged, an adequate basis for the entry of a proper judgment, and suitable protection against double jeopardy. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). An indictment need not conform to strict pleading requirements. *Id.*

The Tennessee Supreme Court continues to emphasize the relaxation of common law pleading requirements, as well as its reluctance to promote form over substance in examining the sufficiency of an indictment. *See* State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000). Indictments which satisfy the requirements for adequate notice to the defendant also satisfy constitutional and statutory requirements. *Id.* For example, an indictment which refers to the statute defining the offense is sufficient both to provide a defendant with notice and to satisfy constitutional and statutory requirements. State v. Sledge, 15 S.W.3d 93, 94 (Tenn. 2000). Furthermore, an indictment alleging all elements of an offense is sufficient even though it does not allege the specific theory upon which the prosecution intends to rely to prove each element. State v. Lemacks, 996 S.W.2d 166, 172 (Tenn. 1999).

In the case at bar, the indictment cites to section 55-10-401(a)(1) of Tennessee Code Annotated. This statute, entitled "Driving under the influence of intoxicant, drug or drug producing stimulant prohibited . . . ," provides as follows:

It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large, while:

(1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system.

Tenn. Code Ann. § 55-10-401(a).

The indictment contains similar language as provided in section 55-10-401(a) alleging the defendant "unlawfully and knowingly did drive or physically control a motor driven vehicle on a public road of the state of Tennessee." The indictment omits the language provided in subsection (a)(1); however, it lists the dates in which the defendant was previously convicted of DUI and concludes with "thus committing a fourth driving under the influence offense." We conclude that this language, along with the reference to Tennessee Code Annotated section 55-10-401(a)(1), was sufficient notice to satisfy the constitutional and statutory requirements. Furthermore, the fact that the indictment does not allege the specific intoxicant or drug does not render it insufficient. *See generally* <u>Lemacks</u>, 966 S.W.2d at 172 (noting the principle of notice does not require that the indictment allege the specific theory upon which the state intends to rely to prove each element of the offense).

We, therefore, conclude the indictment provides adequate notice of the offense charged and meets the constitutional and statutory requirements. This issue lacks merit.

**NOTICE OF A FELONY**

The defendant maintains the indictment failed to provide him with sufficient notice that he was being charged with a felony rather than a misdemeanor. We conclude the defendant had sufficient notice that he was charged with a Class E felony.

In contending that the indictment failed to provide adequate notice of a felony charge, the defendant relies upon <u>State v. Joe David Sloan</u>, No. W2000-02861-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 13 (Tenn. Crim. App. Jan. 4, 2002, at Jackson). In <u>Sloan</u>, this court reversed a Class E felony conviction for evading arrest, holding that the indictment alleged the misdemeanor, rather than the felony, classification of evading arrest. *Id*. at *11. The indictment omitted the subsection number of the statute providing for the Class E felony charge rather than the misdemeanor charge. *Id*. at **13-14. In addition, the language of the indictment mirrored the language of the statute defining the offense of misdemeanor evading arrest. *Id*. at *15.

-3-

Sloan is distinguishable from the case at bar. Misdemeanor evading arrest and felony evading arrest have different elements. *See* Tenn. Code Ann. § 39-16-603(a), (b). The enhanced punishment provision for DUI does not create a separate offense. State v. Marbury, 908 S.W.2d 405, 407 (Tenn. Crim. App. 1995). Unlike the evading arrest statute, the punishment for DUI is not set forth in the statute defining the offense. *See* Tenn. Code Ann. § 55-10-401. Instead, the various possible punishments are set forth in section 403(a)(1). The indictment lists the dates in which the defendant was previously convicted of DUI and then concludes with "thus committing a fourth driving under the influence offense."[1] This language provides sufficient notice that the defendant was charged with fourth offense DUI, which is classified as a Class E felony in Tennessee Code Annotated section 55-10-403(a)(1).

For these reasons, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE

_____

[1] We note that a separate count of an indictment should be used to allege enhanced punishment for a subsequent violation. Tenn. Code Ann. § 40-35-203(e). This issue was not raised in the trial court nor in this court. Regardless, this shortcoming did not deprive the trial court of jurisdiction for fourth offense DUI, and we envision no plain error.