IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 10, 2002

## JOHN HAWS BURRELL v. HOWARD CARLTON, WARDEN

**Post-Conviction Appeal from the Criminal Court for Johnson County**
**No. 3896      Robert E. Cupp, Judge**

_____

**No. E2002-01613-CCA-R3-PC**
**October 17, 2003**
_____

The petitioner, John Haws Burrell, has been convicted of twelve counts of sexual battery, three counts of rape, and two counts of coercion of a witness for which he is serving an effective twenty-four-year sentence. See State v. John Haws Burrell, No. 03C01-9404-CR-00157, 1997 WL 53455 (Tenn. Crim. App. at Knoxville, Feb. 11, 1997). The petitioner brings the instant appeal of the lower court's summary dismissal of his petition for writ of habeas corpus. We find that the lower court properly summarily dismissed the petition because several of the alleged bases for relief in the petition are not proper grounds for habeas relief and the remaining allegations lack merit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

John Haws Burrell, *pro se*, Mountain City, Tennessee.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; and Joe Crumley, District Attorney General, for appellee, State of Tennessee.

**OPINION**

Habeas Corpus Relief

_____

_____As noted above, the petitioner alleges that he is entitled to habeas relief and that the lower court erred by summarily dismissing his petition. The Tennessee Supreme Court has explained the very limited scope of habeas corpus relief in Tennessee, as follows:

> Habeas corpus relief is available in Tennessee only when "it appears
> upon the face of the judgment or the record of the proceedings upon

which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). This Court has stated that "[i]f the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

A habeas court is not required, as a matter of law, to grant the writ and conduct an inquiry into the allegations contained in the petition. See Tenn. Code Ann. § 29-21-109; Passarella, 891 S.W.2d at 627. If the petition fails to state a cognizable claim, the petition may be dismissed by the habeas court summarily. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 381 S.W.2d 280 (1964); Tenn. Code Ann. § 29-21-109. The relevant statute provides in part: "If from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused. . . ." Tenn. Code Ann. § 29-21-109.

In his petition before the lower court, the petitioner alleged that he was entitled to relief by alleging various claims that are not proper grounds for habeas relief. Specifically, the petitioner alleged that the lower court erred by refusing to allow him to change counsel in order to represent himself, that the he received ineffective assistance of counsel, that the state failed to elect offenses at trial, that there was insufficient evidence presented at trial to support his convictions, and that the jury instructions were improper. However, these claims, if true, would merely render the petitioner's convictions voidable, not void, and accordingly will not entitle an accused to habeas relief. See Passarella, 891 S.W.2d at 627. Similarly, the petitioner's contention that he has been denied sentencing reduction credits is also not an issue within the purview of a petition for writ of habeas corpus. Such disputes with the Tennessee Department of Correction are properly brought under the Uniform Administrative Procedures Act. See Carroll v. Raney, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993). Accordingly, the habeas court acted properly when it summarily dismissed these claims.

The petitioner also alleges that the Department of Corrections has miscalculated his sentence and that therefore he is now serving an expired sentence. However, after reviewing the petitioner's judgment forms, we find that the petitioner's sentence has been properly calculated. The trial court who sentenced the petitioner ordered him to serve his twelve one-year sentences for sexual battery consecutively, rendering an effective twelve-year sentence for these convictions. The trial court also ordered the petitioner to serve his two three-year sentences for his coercion of a witness convictions concurrently. This effective three-year sentence runs consecutively to his twelve-year sentence, making an effective fifteen-year sentence. Finally, the trial court ordered the petitioner to serve his three nine-year sentences for his rape convictions concurrently, resulting in an effective nine-year sentence that is to be served consecutively to his aggregate fifteen-year sentence for his other fourteen convictions. The resulting sentence for all seventeen of his convictions is a twenty-four

year sentence. Thus, the petitioner is not currently serving an expired sentence for judgments entered in 1993.

The petitioner also alleges that his convictions are void based on his judgment forms, which were improperly completed. Rather than completing a separate judgment form for each of the petitioner's seventeen convictions, the trial court only completed three judgment forms, one for each type of conviction. The petitioner is correct in his assertion that the trial court erred by failing to complete a separate judgment form for each of his convictions. See Tenn. Code Ann. § 40-35-209(f) (Supp. 2002); Tenn. Sup. Ct. R. 17. However, such a "'technical' concern" is not an appropriate basis for habeas corpus relief. See Billy J. Grooms v. State, No. E2000-00958-CCA-R3-PC, 2001 WL 252076, at *2 (Tenn. Crim. App. at Knoxville, Mar. 14, 2001). Indeed, per Tennessee Code Annotated section 40-35-209(g), the remedy for such error is not to render a defendant's convictions void, but rather to amend the judgment forms. See Tenn. Code Ann. § 40-35-209(g) (Supp. 2002). Thus, such an allegation is also not an appropriate ground for habeas relief.

The petitioner further alleges that his convictions are void because he was convicted and sentenced in an Anderson County court, and he claims that the Anderson County court did not have jurisdiction over him because two of the crimes at issue were committed in Roane County. "Proof of venue is necessary to establish the jurisdiction of a court, but it is not an essential element of any offense and need only be proved by a preponderance of the evidence." State v. Hutcherson, 790 S.W.2d 532, 535 (Tenn. 1990). Furthermore, before a judgment may be void due to the convicting court's lack of territorial jurisdiction, the lack of jurisdiction must be clear from the face of the judgment or in the original trial court record before a petitioner may be entitled to habeas relief. See State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000).

The proof in the original trial record establishes that the petitioner committed two counts of coercion of a witness at a business that borders Anderson and Roane Counties but pays taxes in Anderson County. This information supports a fact-finding that the petitioner committed these two offenses in Anderson County, thus giving the Anderson County courts territorial jurisdiction over the petitioner for the prosecution of these offenses. See Hutcherson, 790 S.W.2d at 535. Accordingly, a lack of territorial jurisdiction does not appear undisputably from either the face of the petitioner's judgments or from his original trial record. See Ritchie, 20 S.W.3d at 633. Thus, this issue does not entitle the petitioner to habeas relief.

Finally, the petitioner alleges that the habeas court erred by failing to first rule on his motions for indigency status and appointment of counsel before summarily dismissing his petition. The petitioner alleges that the habeas court's failure to do so is in contravention of the law set forth in the supreme court decision of McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001). However, McLaney mandates that a habeas court appoint counsel to an indigent petitioner only in cases where the petitioner, when filing his petition pro se, failed to include the documents necessary for summary review. See McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001); see also Robert L. Wilks v. State, No. E2002-00846-CCA-R3-PC, 2002 WL 31780720, at *1 (Tenn. Crim. App. at Knoxville, Dec. 13,

2002).  The petitioner included all documents in his petition necessary for such review, and therefore the <u>habeas</u> court acted properly by summarily dismissing the petition without first finding the petitioner indigent and appointing counsel.

In sum, none of the petitioner's allegations present grounds for <u>habeas corpus</u> relief, and therefore the <u>habeas</u> court acted properly by summarily dismissing the petitioner's request for such relief.

## **<u>Conclusion</u>**

For the foregoing reasons, we find that none of the petitioner's allegations merit relief. Accordingly, the judgment of the <u>habeas</u> court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE
