IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 8, 2005 Session

## JEROME WILLIAM DEVEREAUX v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Jefferson County**
**No. 18,683   O. Duane Slone, Judge**

---

**No. E2004-01891-CCA-R3-PC   Filed June 8. 2005**

---

JOSEPH M. TIPTON, J., dissenting.

I respectfully disagree with the result reached in the majority opinion. I believe that the petitioner's decision to plead guilty to the twelve-year sentence instead of the 7.2-year sentence resulted from inadequate advice.

First, I question the trial court's finding that no evidence existed that sex offenders are not awarded parole. Without objection, the petitioner testified that his DOC prison counselor told him "that they don't give parole to sex offenders" and that his completion of the twenty-four month "sex program," see T.C.A. § 41-21-235, would not matter. The petitioner also testified that he spoke with an institutional parole officer who said, "Your chances are slim to none to get parole."

My concern relates to counsel's apparent lack of research and investigation relevant to his advice in this case. As an example, counsel testified that he originally planned to proceed to trial in the Knox County prosecution because venue was in Jefferson County and he wanted jeopardy to attach. However, a modicum of research discloses that the issue of improper venue does not bar retrial in the appropriate jurisdiction. See State v. Hutcherson, 790 S.W.2d 532, 534-35 (Tenn. 1990); State v. William David Summer, No. 51, Morgan County (Tenn. Crim. App. Feb. 22, 1991).

Also, once the issue became whether the 7.2-year sentence at eighty-five percent or the twelve-year sentence at thirty percent was the better choice for the petitioner, whose primary concern was his length of confinement, it was incumbent upon counsel to provide competent advice based upon adequate preparation relative to the ramifications of each sentence on the timing of the petitioner's release. I note that the trial court found that counsel told the petitioner that he was confident he could bring proof forward for parole and that there was a "strong possibility of release," albeit no guarantees. It also found that counsel testified he would have a positive opinion by "the statutory required professional" that petitioner "would not be likely to commit further sex offenses." The problem to me, though, is that counsel had no basis to support these comments that were supposedly to aid the petitioner in determining which plea offer to take.

Counsel said he was aware of the petitioner's counseling with Diana McCoy, but he failed to talk with Dr. McCoy about the petitioner's potential risk of reoffending. He said it was his "anticipation" that she would say the petitioner did not possess such a likelihood. I view this as guesswork. He also said that he discussed with the petitioner that at the first opportunity, he would present all of the evidence he could muster on the petitioner's behalf before the board of paroles for an early release. However, none of this has any bearing on the petitioner's being paroled absent the approved certificate by a psychiatrist or licensed psychologist designated as a health service provider by the DOC or the board of paroles that, to a reasonable medical certainty, the petitioner does not pose the likelihood of committing sexual assaults upon release from confinement pursuant to T.C.A. § 40-35-503(c).

Research would have shown counsel that this court recognized that the thirty percent release eligibility date does not actually reflect release eligibility for sex offenders under T.C.A. § 40-35-503(c). See, e.g., State v. Lorenzo Puente Salazar, No. 02C01-9105-CR-0098, Shelby County, slip op. at 8 (Tenn. Crim. App. Jan. 15, 1992) (stating that trial court's telling sex offender with twenty-five-year sentence that he would be eligible for release after seven and one-half years was incorrect because, under T.C.A. § 40-35-503(c), "the statutory release eligibility date . . . does not apply to aggravated rape convictions in the same way it does to other felonies"); see also Ricky Rutledge v. State, No. 01C01-9706-CC-00201, Bedford County (Tenn. Crim. App. July 2, 1998), app. denied (Tenn. Mar. 1, 1999) (surmising that sex offender's claim that he would not be released from prison until serving eighteen of his twenty-five-year sentence resulted from the requirements of T.C.A. § 40-35-503(c)). I believe counsel should have sought to determine from DOC personnel any significant distinctions between the two options presented to the petitioner. In this regard, I note that in Clessie T. Jaco, Jr. v. State, No. M2001-02150-CCA-R3-PC, Maury County (Tenn. Crim. App. Aug. 14, 2002), aff'd 120 S.W.3d 828 (Tenn. Dec. 5, 2003), the trial court found "based on the exhibits and testimony in [the] proceeding, that the Board of Probation and Parole has not released any sex offender after serving only thirty percent of his sentence unless an appropriate professional has rendered an opinion essentially saying that it is physically impossible for the inmate to commit a future sexual offense." Slip op. at 2. Appellate court records reflect that Jaco's post-conviction hearing occurred before the petitioner's guilty plea was entered in the present case. I believe this shows that sufficient resources were available from which counsel could have discovered that a thirty percent release eligibility date for the petitioner was wholly unrealistic.

I also note that this court viewed as deficient performance an attorney's giving the erroneous advice to a sex offender that the offender held "the keys to the jail in his pocket" given the existence of T.C.A. § 40-35-503(c). Alan Dale Bailey v. State, No. M2001-01018-CCA-R3-PC, Coffee County (Tenn. Crim. App. Feb. 8, 2002), appeal dismissed (Tenn. July 11, 2002). Given the reality regarding parole for sex offenders, I consider counsel's discussion in this case of various credits that could be earned to reduce the time of confinement and noting its contingency upon the petitioner's completing programs and maintaining good behavior to be simply misleading. I seriously doubt that the petitioner would have opted for the twelve-year sentence if he had known that his chances for parole were "slim and none" or was contingent upon his being physically incapable of committing another sex offense. Under the particular circumstances of this case, prejudice has not been shown

by proving that the petitioner would have gone to trial but by proving he would have accepted the 7.2-year sentence.  I would vacate the petitioner's conviction.


                                        _____

                                        JOSEPH M. TIPTON, JUDGE